## OHIO *v.* CHATTANOOGA BOILER & TANK CO.

No. 18, Original.   Argued April 10, 1933.—Decided May 22, 1933.

*Messrs. John W. Bricker,* Attorney General of Ohio, and *Oscar A. Brown,* Assistant Attorney General, for plaintiff.

*Mr. Francis J. Wright* for defendant.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

The State of Ohio invokes, by an action at law, the original jurisdiction of this Court to recover the sum of $4,910.64 from the Chattanooga Boiler and Tank Company, a corporation organized in Tennessee and having its principal place of business there.   Reimbursement is sought by the State of the amount paid from its insurance fund to Mrs. Cora Tidwell, as compensation for the death

of her husband, an employee of the company, who was
killed at Ironton, Ohio, while engaged in erecting a tank.
The claim rests upon the Workmen's Compensation Act
of Ohio, § 1465-37–110 of the General Code,—a law of
the compulsory type held constitutional in *Mountain
Timber Co.* v. *Washington*, 243 U.S. 219.

The proceeding at bar is one to enforce a statutory cause
of action for liquidated damages, based on an award made
to Mrs. Tidwell by the Industrial Commission.[1] The em-
ployer relies, as its only defense, upon the full faith and
credit clause, invoking the rule declared in *Bradford Elec-
tric Light Co.* v. *Clapper*, 286 U.S. 145. That defense was
not set up in the proceedings before the Ohio Commission.
The Ohio law does not provide for review of an award by
an appeal; but the employer is entitled to challenge, in an
action for reimbursement, the correctness of the award in

---

[1] "Any employe whose employer has failed to comply with the
provisions of section 1465–69, who has been injured or has suffered
an occupational disease in the course of his employment, and which
was not purposely self-inflicted, or his dependents in case death has
ensued, may, in lieu of proceedings against his employer by civil ac-
tion in the courts, as provided in section 1465-73, file his application
with the commission for compensation and the commission shall hear
and determine such application for compensation in like manner as
in other claims and shall make such award to such claimant as he
would be entitled to receive if such employer had complied with the
provisions of section 1465-69, and such employer shall pay such award
in the manner and amount fixed thereby or shall furnish to the indus-
trial commission a bond, in such an amount and with such sureties
as the commission may require, to pay such employee such award in
the manner and amount fixed thereby. In the event of the failure,
neglect or refusal of the employer to pay such compensation to the
person entitled thereto, or to furnish such bond, within a period of
ten days after notification of such award, the same shall constitute
a liquidated claim for damages against such employer in the amount
so ascertained and fixed by the commission, and the commission shall
certify the same to the attorney general who shall forthwith institute
a civil action against such employer in the name of the state, for the
collection of such award." Ohio Gen. Code, § 1465-74.

all respects save the amount of compensation.[2]  Whether the full faith and credit clause is applicable to proceedings in this Court in the same manner and to the same extent as to proceedings in the courts of a State and in the lower federal courts, we have no occasion to consider; for we are of opinion that on the facts here presented the rule declared in the *Clapper* case is not applicable.

The following facts were agreed: The employer never had a regular place of business in Ohio; had not qualified to do business there as a foreign corporation; and had not complied with the provisions of the Ohio Workmen's Compensation Law, either by becoming a subscriber to the state insurance fund or by electing to pay compensation direct to injured employees or to their dependents in case of death.  Both the company and Tidwell were residents of Tennessee; Tidwell had entered its employ there; it was a term of the employment that he should serve also in other States; and he had been brought to Ohio to erect there the tank which had been fabricated in Tennessee. Both the company and Tidwell had accepted the pro-

---

[2] *Fassig* v. *State*, 95 Oh. St. 232, 242; 116 N.E. 104; *Pittsburgh Coal Co.* v. *Industrial Commission*, 108 Oh. St. 185, 189-191; 140 N.E. 684; *Slatmeyer* v. *Industrial Commission*, 115 Oh. St. 654, 657, 661; 155 N.E. 484.  The claimant, however, has a right of appeal, "if the commission finds that it has no jurisdiction of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation," and denies the claim for that reason, and if the claimant has sought a rehearing.  Ohio General Code, § 1465-90; see 107 Ohio Laws, p. 162; *State ex rel. Gilder* v. *Industrial Commission*, 100 Oh. St. 500; 127 N.E. 595.  Such an appeal is heard solely on the record made before the commission.  See *Grabler Mfg. Co.* v. *Wrobel*, 125 Oh. St. 265; 181 N.E. 97.

The fact that the employer successfully defends the action by the State for reimbursement does not prejudice the right of the employee to receive payment of the amount theretofore awarded by the commission.  *State ex rel. Thompson* v. *Industrial Commission*, 121 Oh. St. 17; 166 N.E. 806; *State ex rel. Croy* v. *Industrial Commission*, 123 Oh. St. 164, 173; 174 N.E. 345.

visions of the Tennessee Workmen's Compensation Act, a law of the elective type; and under that law his widow would have been entitled to recover as compensation about $2200. After Tidwell's death, his widow, who had become a citizen and resident of Georgia, filed her application for compensation with the Industrial Commission of Ohio. The company, appearing specially, challenged the jurisdiction of the Commission. The objection was overruled; the company made no defense before that tribunal; and the Commission found that the company was an employer within the meaning of the Ohio law; that the injury was sustained accidentally in the course of the employment; and that the widow had not before filing the claim begun a court action against the employer on account of the death. Upon failure of the company to pay the award, it was paid from the state insurance fund.

In the *Clapper* case it was held that the Vermont Workmen's Compensation Act was a defense to an action brought in New Hampshire under the New Hampshire Act to recover for the death in that State of a Vermont resident who had been employed by a Vermont company, pursuant to a contract made in Vermont; because: " It clearly was the purpose of the Vermont Act [3] to preclude

---

[3] The provision is as follows: " *Right to Compensation Exclusive:* The rights and remedies granted by the provisions of this chapter to an employee on account of a personal injury for which he is entitled to compensation under the provisions of this chapter, shall exclude all other rights and remedies of such employee, his personal representatives, dependents or next of kin, at common law or otherwise on account of such injury. Employees who hire workmen within this state to work outside of the state, may agree with such workmen that the remedies under the provisions of this chapter shall be exclusive as regards injuries received outside this state by accident arising out of and in the course of such employment, and all contracts of hiring in this state shall be presumed to include such an agreement." Vt. Gen. Laws, c. 241, § 5774.

any recovery by proceedings brought in another State for injuries received in the course of a Vermont employment." 286 U.S. at 153.[4] The Tennessee Act is different. It is true that it provides that " when an accident happens while the employe is elsewhere than in this State, which would entitle him or his dependents to compensation had it happened in this State, the employe or his dependents shall be entitled to compensation under this act if the contract of employment was made in this State, unless otherwise ' expressly provided by said contract," Tenn. Code, § 6870; and that " the rights and remedies herein granted to an employee subject to this Act on account of personal injury or death by accident shall exclude other rights and remedies of such employe, his personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death." *Id.*, § 6859. But, as construed and applied by the highest court of Tennessee, the statute does not preclude recovery under the law of another State. And the full faith and credit clause does not require that greater effect be given the Tennessee statute elsewhere than is given in the courts of that State. Compare *Allen* v. *Alleghany Co.*, 196 U.S. 458, 465; *Robertson* v. *Pickrell*, 109 U.S. 608, 610–611; *Board of Public Works* v. *Columbia College*, 17 Wall. 521, 529.

The decision in *Tidwell* v. *Chattanooga Boiler & Tank Co.*, 163 Tenn. 420, 648; 43 S.W. (2d) 221; 45 *id.*, 528, shows that the provision of the Tennessee law making its remedy an exclusive one is not applicable on the facts here presented. In that case, Mrs. Tidwell brought (while the application in Ohio was pending and before

---

[4] Had the question been merely the construction of the statute, no issue under the full faith and credit clause would have arisen. *Banholzer* v. *New York Life Ins. Co.*, 178 U.S. 402; *Johnson* v. *New York Life Ins. Co.*, 187 U.S. 491, 495–496; *Pennsylvania Fire Ins. Co.* v. *Gold Issue Mining Co.*, 243 U.S. 93, 96–97.

the award) an action in Tennessee to recover compensation under the Tennessee Act. The court held that by bringing the Ohio proceedings the widow had renounced her right under the Tennessee Act; and final judgment was entered for the company shortly before the action at bar was begun. The opinion states that the suit is one upon contract; that, "the sole defense interposed is the proceedings in Ohio"; that the institution of the proceedings in Ohio "was a clear renunciation or disaffirmance of the contract"; "that the election thus made was irrevocable, because the petitioner [Mrs. Tidwell] has taken the benefit of the Ohio suit and the defendant [the Company] will doubtless take the detriment of that suit"; and the court added: "Not prejudging another case, but merely by way of answer to argument made in this case, we may observe that defendant's way of escape from the Ohio proceedings and award is not apparent, after the pleading by the defendant of such proceeding and award to defeat its liability herein." In view of this decision, we have no occasion to consider differences in phraseology between the Tennessee statute and that of Vermont.

*Judgment for the plaintiff.*