*170 OPINION.
Van Fossan:
The question in the present cases is whether petitioners’ salaries are constitutionally immune from Federal taxation by reason of the burden which such taxation would cast upon the State of Ohio.
After careful review of the pertinent decisions, we believe the recent opinion of the Supreme Court of the United States in Helvering v. Gerhardt, 804 U. S. 405, is controlling here. That opinion, after a rationalization and discussion of prior decisions on this implied limitation on the taxing power of the Federal Government, *171 sets up as tests in considering such cases (1) whether the immunity attaches by reason of the function being essential to the preservation of the state government, and (2) whether the tax imposed is a real and actual burden to the state itself.
Upon close consideration of the facts in the instant cases, we are of the opinion that administration of the Industrial Commission is not indispensable or essential to the preservation of the State Government of Ohio. So far as we are advised, the state performed full well its essential functions prior to the time of the enactment of the laws in question. There would seem no basis for distinguishing these cases from that of Maurice S. Avidan, 88 B. T. A. 951, wherein we held that the salaries of employees of the Workmen’s Compensation Commission of New Jersey were not immune from Federal tax.
Nor on the record can we hold that the tax in question imposes a real and actual burden upon the State of Ohio. The burden is too remote and too conjectural and is “so speculative and uncertain that if allowed it would restrict the Federal taxing power without affording any corresponding tangible protection to the State government.” Helvering v. Gerhardt, supra.
It is true, as petitioners point out, the Workmen’s Compensation Act here in question has been held to be constitutional, State of Ohio v. Chattanooga Boiler & Tank Co., 289 U. S. 439, but for present purposes that is beside the point. Obviously, a state function may be constitutional but not “essential” within the meaning of Helvering v. Gerhardt, supra.
Petitioners urge that the commission has the quasi-judicial power to hear and determine claims and controversies arising under the Workmen’s Compensation law. Such a judicial power, however, is not comparable, historically or otherwise, with that under consideration in Collector v. Bay, 11 Wall. 113. The judicial power, if it may be termed such, here exercised by petitioners as members of the commission, is an appendage to the established function of the commission, rather than to the judicial power of the state.
Concededly, petitioners are officers of the State of Ohio within the definition of that term by the Supreme Court in Metcalf & Eddy v. Mitchell, 269 U. S. 514. Such a classification per se is not sufficient to grant petitioners immunity from Federal tax. Helvering v. Gerhardt, supra Helvering v. Powers, 293 U. S. 214.
Brush v. Commissioner, 300 U. S. 352, relied upon by petitioners, has been modified by Helvering v. Gerhardt, supra, and the present issues must be determined in the light of the latter opinion.
It may be pertinent to observe that in large part the functions of the Industrial Commission performed by petitioners Gregory and Beall were concerned with the maintenance and operation of a state *172 industrial insurance fund. This, it would seem, constitutes an entrance into trade or business on the part of the state. The record shows that prior to the enactment of the laws in question private insurance companies wrote coverage for employers along the line now preempted by the state. It should be noted that the state law is both compulsory and exclusive. It gives a monopoly to the state and prohibits such business on the part of private companies. Considering the cases from this approach, we believe them to be governed also by that line of Supreme Court cases which refuses immunity when the function in question is proprietary in nature. Helvering v. Powers, 293 U. S. 214; Ohio v. Helvering, 292 U. S. 360; South Carolina v. United States, 199 U. S. 437.
The above discussion and disposition primarily directed to the cases of Beall and Gregory, makes unnecessary a separate consideration of the status of petitioner Kearns. His case falls within the same category.
We hold that the salaries of the several petitioners were not immune from Federal taxation and that respondent did not err.

Decisions will he entered for the resfondent.