### CAMERON v RINGLING BROS.-BARNUM BAILEY COMBINED SHOWS, INC.

Common Pleas Court, Hamilton Co.

No. A-68065. Decided April 11, 1940.

Waite, Schindel & Bayless, Herbert Shaffer and Philip J. Schneider, Cincinnati, for the demurrer.

Frost & Jacobs and Cornelius J. Petzhold, Cincinnati, for defendant.

#### OPINION

By MACK, J.

This cause has been submitted to the court upon demurrer to the second defense of the answer of defendant.

In the petition it is alleged that defendant is a resident of California; defendant is a corporation under the laws of Delaware; defendant conducts a circus business in several cities in the state of Ohio during each year. It is alleged that at Boston, Massachusetts, plaintiff was engaged as a trapeze artist; that during a performance in Cincinnati, Ohio, plaintiff was injured by reason of defendant's failure to provide a safe place for plaintiff to perform her work. It is further alleged that defendant had at all times while conducting its shows in the city of Cincinnati

three or more employees, and that it failed and refused to pay into or participate in the state insurance fund provided by §1465-37 et seq. (Workmen's Compensation Law) and judgment is sought in the sum of $78,000.

In its answer, as a first defense, defendant admits plaintiff's residence; that defendant is a Deleware corporation; says its business is not confined to the state of Ohio or any other state, but is of a migratory nature, resulting in employment of individuals whose services are rendered in many states while on circuit; admits plaintiff's employment; admits that plaintiff fell and suffered injuries at Cincinnati; admits defendant was engaged in conducting a show at Cincinnati, and had in its employ at that time three or more employees, and denies negligence.

As a second defense defendant incorporates the allegations of the first defense and says: "This defendant denies that it failed or refused to pay into or participate in the state insurance fund of Ohio, as provided by §1465-37, et seq., GC, which sections are ordinarily referred to as the Ohio Workmen's Compensation Act, but says that said Act was not applicable to defendant's business, and that the plaintiff was not an employee within the meaning of said Act, and that the defendant was not an employer within the meaning of said Act."

This defense is what is known in law as a "negative pregnant". While the first part denies failure to comply with the Ohio law, the remainder clearly qualifies such denial by stating, in effect, that there was no failure to comply with the Ohio law, because the same was not applicable to defendant's business. Any other construction of this plea would flout intelligence.

It will thus be seen that defendant denies its amenability to the Ohio Workmen's Compensation Law, and the question for determination upon this demurrer is whether defendant was amenable to such law.

Reference is made in defendant's brief to Bradbury on Workmen's Compensation, wherein it is stated:

"There are hundreds of establishments which are sending men constantly to various states to perform work, and if in each instance the liability of the employer depends upon the conflicting provisions of the various compensation statutes, wherever the employee may happen to be when he is injured, the confusion will be burdensome."

In our opinion it is incidental that when a resident of one state transacts business in another state through the employment of persons performing work in such other state, questions may arise as to whether the employer conforms to the laws of that state. Any result is an economic one that follows from the employer extending his sphere of activities to other states than that in which his principal place of business is located. It is not unusual for an employer doing business in various states to carry liability insurance to meet the varying provisions of the laws of states other than the one in which the employer's business is domiciled.

As an antithesis of the statement by Bradbury in his work above referred to the following may be stated:

Why should the employee of the nonresident employer not have the same remedy that is afforded by the laws of Ohio to Ohio employees performing work in Ohio?

Our Ohio Workmen's Compensation Law extends to employees ▇▇▇▇▇▇ ▇ performing work in Ohio irrespective of the residence of such employees. If the Ohio employer fails to comply with the provisions of the Ohio Workmen's Compensation Law the injured employee has his election to have the Industrial Commission fix his compensation and in default of payment thereof have the attorney general collect the same by suit from the employer; or to pursue the alternative remedy of the employee, viz., to commence a suit for damages, in which action the employer will be deprived of the common law defenses of assumption of risk, fellow servant, contributory negligence, etc.

While there is no decision of our Supreme Court of Ohio upon the exact question herein presented, ▇▇▇▇▇▇ ▇ nevertheless said matter is covered by the case of Ohio v Chattanooga Boiler Co., 289 U. S. 439, wherein the opinion was rendered by Justice Brandeis.

Such case relates to our Ohio Workmen's Compensation Law. The Chattanooga Boiler Co. was a corporation under the laws of Tennesssee; it never had a regular place of business in Ohio; it had not qualified to do business there as a foreign corporation; it had not complied with the provisions of the Ohio Workmen's Compensation Law, or elected to become a self-insurer; it employed one Tidwell, and it was a term of his employment that he should serve also in other states; while in Ohio performing work for the Boiler Company he lost his life. The dependent widow sought compensation, and the Industrial Commission made an award to her and paid the same. The Boiler Company not having repaid such amount, the attorney general of Ohio commenced an original action in the Supreme Court of the United States to recover such payment made by the Industrial Commission to the dependent widow of Tidwell. There was a judgment for the plaintiff.

In view of said opinion it is not necessary to consider cases from other states, nor the case of Bradford Electric Light Co. v Clapper, 286 U. S. 145, afterwards distinguished and limited in Pacific Insurance Co. v Commission, 306 U. S. 493.

Industrial Commission v Gardinio, 119 Oh St 539, cited by defendant, decided that the Ohio Workmen's Compensation Law is not applicable where an employee of an Ohio company is injured while engaged under a contract to do specific work in another state, no part of which is to be performed in Ohio. At page 542 Judge Matthias said:

"The legislative intent is quite manifest that the provisions of the Act shall apply to all those employed within the state, and also where, as an incident to

their employment, and in discharge of the duties thereof, they are sent beyond the borders of the state."

He held that the contract with Gardinio was one which provided for the performance of no service whatsoever in Ohio, but on the contrary, clearly specifed that the service to be rendered thereunder was wholly in another state.

At page 544 Judge Matthias said:

"Again, it is clear that the place of residence of the employer and employee is not determinative of the question presented."

It follows from the foregoing that the demurrer to the second defense will be sustained.