THEODORE COOK v. MINNEAPOLIS BRIDGE CONSTRUCTION COMPANY AND ANOTHER.[1]

June 30, 1950.

No. 35,175.

---

[1]Reported in 43 N. W. (2d) 792.

434

*Robb, Robb & Van Eps,* for relators.

*Robins, Davis & Lyons* and *Sidney S. Feinberg,* for respondent.

..MAGNEY, JUSTICE.

Certiorari to review a decision of the industrial commission holding that an employe is entitled to the benefits of the Minnesota workmen's compensation law where he had already received benefits under the laws of North Dakota, full credit being given for all payments so received by employe in the North Dakota proceedings.

Employe, Theodore Cook, a resident of Savage, Minnesota, was employed under a Minnesota contract of employment by Minneapolis Bridge Construction Company, which had its principal place of business in Minneapolis. Employe was injured while at work on a bridge construction project near New Salem, North Dakota. Employer was required to and did carry compensation for its employes through the North Dakota state fund. It also carried compensation insurance on its employes under the Minnesota compensation law. Employe received benefits under the North Dakota law. In these proceedings, he seeks to recover under the Minnesota act the difference between the compensation scale of North Dakota and that of Minnesota, the later being higher. If the employe in the first instance had chosen to petition the industrial commission of Minnesota for compensation under the Minnesota law there could be no question as to his right to an award. State ex rel. Maryland Cas. Co. v. District Court, 140 Minn. 427, 168 N. W. 177; Krekelberg v. M. A. Floyd Co. 166 Minn. 149, 207 N. W. 193. At the first hearing before the referee, counsel for employe proposed that medical and

other testimony be not taken at that time, but that the hearing be confined solely to the legal issue of whether employe was entitled to proceed under the Minnesota act in view of the compensation awarded and received under the act of North Dakota. The reason for the proposal is obvious. Counsel for employer at the time hesitated to agree to the suggested procedure, but at the following hearing signified that it would be agreeable. The hearing proceeded in line with the agreement, and a determination of the legal question only was made by the referee for the commission. The referee held that the employe was not entitled to benefits under the Minnesota law, since he had already been awarded and received compensation under the North Dakota law. The commission on review held to the contrary.

Employer first contends that the procedure agreed upon and adopted is akin to demurrer, which is not authorized or recognized by the compensation act. Under M. S. A. 15.041 to 15.044, the industrial commission and other administrative bodies or agencies are authorized to promulgate reasonable rules and regulations and may prescribe methods and procedure. The commission, pursuant to such authority, adopted rules regulating practice before that body. Rule 1 (13 M. S. A. p. 428) reads as follows:

"* * * Upon proper showing by the petitioner the commission may order referees to take testimony and make findings on only one issue."

Thus the commission itself upon proper showing by employe undoubtedly would have made an order covering procedure substantially as that agreed upon by stipulation. We see no objection to the procedure followed. It seems desirable and sensible to have the question of law finally determined before incurring the heavy expense involved in the calling of expert medical witnesses. If the question of law be determined adversely to employe, the matter of course would be closed and the expense avoided. In Kennedy v. Thompson Lbr. Co. 223 Minn. 277, 26 N. W. (2d) 459, the testimony was confined to the question of liability, and the taking of medical testimony was deferred, the same procedure as adopted in the in-

stant case. No objection was made to the procedure in that case, and we observed no irregularity.

Relators, in support of their position that employe cannot be awarded compensation under the Minnesota act, having already received benefits under the North Dakota law, rely on Magnolia Petroleum Co. v. Hunt, 320 U. S. 430, 64 S. Ct. 208, 88 L. ed. 149, 150 A. L. R. 413. In that case, a Louisiana resident working in Texas under a Louisiana contract for hire suffered a compensable injury. He petitioned the Texas courts for relief under the Texas law, and an award was made. Later he discovered that the Louisiana statute was more liberal than that of Texas, and sought further relief under that law. The courts of Louisiana awarded compensation, deducting the sum he had already received from the Texas insurer. The supreme court in a five-to-four decision reversed. It held that the employe was free to pursue his remedy in either state, but, having chosen to seek it in Texas, where the award was *res judicata*, the full faith and credit clause precluded him from again seeking a remedy in Louisiana upon the same grounds. It stated that in Texas a compensation award is explicitly made by statute in lieu of any other recovery for injury to the employe, since 22 Vernon's Texas Civil Stat. Ann. art. 8306, § 3 (workmen's compensation law), provides that employes subject to the act "shall have no right of action against their employer or against any agent, servant or employé of said employer for damages for personal injuries, * * * but such employés * * * shall look for compensation solely to the association [the insurer], * * *." It further stated that a compensation award which has become final is entitled to the same faith and credit as a judgment of a court. A statute of Texas places a restriction on recovery by an employe which is not found in the Minnesota or North Dakota compensation law. Art. 8306, § 19, of the compensation law provides:

"* * * that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred."

Thus, by statute Texas denies an additional recovery to an employe in the state of Texas where he has already recovered compensation in the state where the injury occurred. Mr. Justice Black, in a dissenting opinion, stated that the above Texas statute was relied upon by the court in the majority opinion. In commenting on this statute he said (320 U. S. 454, 64 S. Ct. 221, 88 L. ed. 163) :

"* * * It provides that an employee injured 'outside of the State' cannot recover under the Texas act if 'he has elected to pursue his remedy and recovers in the state where such injury occurred.' Plainly this latter statute pertains only to the right of recovery under Texas law; it does not purport to affect rights under the laws of other states."

The decision gave rise to considerable critical comment from law reviews.[2] It also occasioned many attempts at distinction by state appellate courts.[3]

Employe contends that, although he claimed and received benefits under the North Dakota law, he is also entitled to an additional compensation award under the more liberal Minnesota act, and he relies on a later decision of the Supreme Court of the United States—Industrial Comm. of Wisconsin v. McCartin, 330 U. S. 622, 67 S. Ct. 886, 91 L. ed. 1140, 169 A. L. R. 1179. In that case, a resident of Illinois was employed by an Illinois concern under an Illinois contract of employment. While doing work in Wisconsin he was injured. He received compensation under the Illinois workmen's compensation act. Subsequently, he sought additional compensation under the more liberal Wisconsin act. The court stated that the troublesome problem that arose in the case was whether the com-

[2]56 Yale L. J. 562, 12 George Washington L. Rev. 487, 18 Tulane L. Rev. 509, 23 Notre Dame Lawyer 261, 23 Ind. L. J. 214, 2 Loyola L. Rev. 188, 30 Cornell L. Q. 160, 33 Cornell L. Q. 310, 92 U. of Pa. L. Rev. 401, 44 Col. L. Rev. 330, 59 Harv. L. Rev. 1225.

[3]Loudenslager v. Gorum, 355 Mo. 181, 195 S. W. (2d) 498; Spietz v. Industrial Comm. 251 Wis. 168, 28 N. W. (2d) 354; Industrial Ind. Exch. v. Industrial Acc. Comm. 80 Cal. App. (2d) 480, 182 P. (2d) 309; Cline v. Byrne Doors, Inc. 324 Mich. 540, 37 N. W. (2d) 630.

pensation paid under the Illinois statute raised a full faith and credit bar to a subsequent award in Wisconsin for an additional amount, and concluded that under the statutes and facts there involved there was no bar. The court said (330 U. S. 626, 67 S. Ct. 889, 91 L. ed. 1143):

"If it were apparent that the Illinois award was intended to be final and conclusive of all the employee's rights against the employer and the insurer growing out of the injury, the decision in the Magnolia Petroleum Co. case would be controlling here."

It concluded that the Illinois award was different in its nature and effect from the Texas award in the Magnolia case.

Section 6 of the Illinois workmen's compensation act (1 Illinois Rev. Stat. 1949, c. 48, § 143), the statute involved in the McCartin case, states:

"No common law or statutory right to recover damages for injury or death sustained by any employe while engaged in the line of his duty as such employe, other than the compensation herein provided, shall be available to any employe who is covered by the provisions of this act, * * *."

The court said (330 U. S. 627, 67 S. Ct. 889, 91 L. ed. 1143):

"* * * This section has been interpreted to mean that, in situations to which the Act applies, the right of action against the employer under the Illinois common law or under the Illinois Personal Injuries Act (Ill. Rev. Stat. 1943, Ch. 70, §§ 1, 2) has been abolished." (Citing cases.)

The court continues:

"But there is nothing in the statute or in the decisions thereunder to indicate that it is completely exclusive, that it is designed to preclude any recovery by proceedings brought in another state for injuries received there in the course of an Illinois employment. Cf. Bradford Elec. Co. v. Clapper [286 U. S. 145, 52 S. Ct. 571, 76 L. ed. 1026, 82 A. L. R. 696], *supra;* Cole v. Industrial Commission, 353 Ill. 415, 187 N. E. 520, 90 A. L. R. 116. And in light of the rule

that workmen's compensation laws are to be liberally construed in furtherance of the purpose for which they were enacted, Baltimore & Phila. Steamboat Co. v. Norton, 284 U. S. 408, 414 [52 S. Ct. 187, 189, 76 L. ed. 366, 370], we should not readily interpret such a statute so as to cut off an employee's right to sue under other legislation passed for his benefit. Only some unmistakable language by a state legislature or judiciary would warrant our accepting such a construction. Especially is this true where the rights affected are those arising under legislation of another state and where the full faith and credit provision of the United States Constitution is brought into play. See Ohio ·v. Chattanooga Boiler Co., 289 U. S. 439 [53 S. Ct. 663, 77 L. ed. 1307].

"We need not rest our decision, however, solely upon the absence of any provision or construction of the Illinois Workmen's Compensation Act forbidding an employee from seeking alternative or additional relief under the laws of another state."

It appeared in the McCartin case that a stipulation fixing the amount of compensation was entered into by employer and employe. This contract, together with employe's petition for a lump-sum payment, was approved by one of the members of the Illinois industrial commission. One of the provisions in the settlement contract which became the award was a statement that (330 U. S. 624, 67 S. Ct. 888, 91 L. ed. 1142) "This settlement does not affect any rights that applicant may have under the Workmen's Compensation Act of the State of Wisconsin." The court commented (330 U. S. 630, 67 S. Ct. 890, 91 L. ed. 1145):

"* * * when the reservation in this award is read against the background of the Illinois Workmen's Compensation Act, it becomes clear that the reservation spells out what we believe to be implicit in that Act—namely, that an Illinois workmen's compensation award of the type here involved does not foreclose an additional award under the laws of another state."

Thus, the court places its decision on two grounds, the first one being that only in cases where some unmistakable language by a

state legislature or judiciary would warrant a construction that a statute cuts off an employe's right to recover benefits under legislation in another state passed for his benefit would he be denied that right.

Following the decision in the McCartin case, *supra*, the American Law Institute, in Restatement, 1948 Supp., reworded § 403 of Conflict of Laws so as to read as follows:

"Award already had under the Workmen's Compensation Act of another state will not bar a proceeding under an applicable Act, *unless the Act where the award was made was designed to preclude the recovery of an award under any other Act*, but the amount paid on a prior award in another state will be credited on the second award." (Italics supplied.)

and added the following comment to the section:

"The interest of more than one state in the employer-employee relationship enables each of them to provide its own statutory remedy. A state may declare by statute or decisions thereunder that if its remedy is pursued to judgment, it shall be exclusive. In the absence of any such declaration, however, the recovery of judgment under the Act of one state does not bar the recovery of judgment under the Act of another state."

Prior to the Magnolia case, *supra*, Restatement, Conflict of Laws, § 403, read:

"Award already had under the Workmen's Compensation Act of another state will not bar a proceeding under an applicable Act, but the amount paid on a prior award in another state will be credited on the second award."

The question for our determination then boils down to this: Is the workmen's compensation statute of North Dakota, under which employe here collected benefits, completely exclusive so as to foreclose an additional award under the laws of Minnesota?

The North Dakota statutes involved read as follows:

"An employer securing the payment of compensation to his employees by contributing premiums to the fund shall be relieved thereby of all liability for personal injuries or death sustained by his employees, and the persons entitled to compensation * * * shall have recourse therefor only to the fund and not to the employer." 5 North Dakota Rev. Code 1943, § 65-0108.

"The payment of compensation or other benefits by the bureau to an injured employee, * * * shall be in lieu of any and all rights of action whatsoever * * *." 5 North Dakota Rev. Code 1943, § 65-0506.

Although the language used in the Illinois act, *supra,* is milder than that of the North Dakota act, still the import is the same. There is nothing in the language of the North Dakota act which makes it completely exclusive so as to preclude recovery by proceedings in another state, where the employe and employer resided and where the contract of employment was consummated. And as said in the McCartin case (330 U. S. 628, 67 S. Ct. 889, 91 L. ed. 1144), "in light of the rule that workmen's compensation laws are to be liberally construed in furtherance of the purpose for which they were enacted, * * * we should not readily interpret such a statute so as to cut off an employee's right to sue under other legislation passed for his benefit. Only some unmistakable language by a state legislature or judiciary would warrant our accepting such a construction." In the North Dakota statute, there is no unmistakable language which compels us to cut off employe's right to compensation under Minnesota legislation passed for employe's benefit.

In 5 North Dakota Rev. Code 1943, § 65-0108, it is stated that "the persons entitled to compensation * * * shall have recourse therefor only to the fund and not to the employer." A reasonable interpretation of those words would mean that an employe in a situation where the North Dakota workmen's compensation would apply would have no right of action under statutes or the common law of North Dakota against the employer, but that his only recourse would be against the fund. That such a restriction would

bar an employe from receiving an award under the workmen's compensation act of some other state seems an unwarranted construction, since no unmistakable language to that effect is used. Furthermore, it would not be construing the act liberally so to hold. The same may be said about 5 North Dakota Rev. Code 1943, § 65-0506, above quoted. The payment of compensation to an injured employe would be in lieu of any and all rights whatsoever under the statutes and common law of North Dakota. There is no unmistakable language to the effect that the statutory provision is extraterritorial.

To further show that the legislature of North Dakota did not intend that the workmen's compensation act of that state should be completely exclusive, we quote the preamble to that act (5 North Dakota Rev. Code 1943, § 65-0101), which sets out the purposes of the act:

"The state of North Dakota, exercising its police and sovereign powers, declares that the prosperity of the state depends in a large measure upon the well-being of its wage workers, and, hence, for workmen injured in hazardous employments, and for their families and dependents, sure and certain relief is hereby provided regardless of questions of fault and to the exclusion of every other remedy, proceeding, or compensation, except as otherwise provided in this title, and to that end, all civil actions and civil causes of action for such personal injuries and *all jurisdiction of the courts of the state over such causes are abolished* except as is otherwise provided in this title." (Italics supplied.)

No intention is expressed by the legislature of North Dakota in the above provision to make its act completely exclusive, but it did abolish all jurisdiction of the courts of North Dakota over all civil actions and civil causes of action for personal injuries sustained by workmen in hazardous occupations. Nothing is said about the jurisdiction of courts of other states. The legislature declares that the prosperity of the state of North Dakota depends in a large measure upon the well-being of *its* wageworkers, and hence has enacted its workmen's compensation act. The state of Minnesota

with the same interest in the well-being of the state and *its* wage-workers, has enacted its own compensation act, with provisions more liberal than those found in the act of North Dakota. Since the act of North Dakota does not make its provisions completely exclusive, we are of the opinion that a workman, resident of this state and working under a Minnesota contract for hire, may receive the benefits of the Minnesota act.

The industrial commission referred the petition of employe to the referee with directions to determine the benefits to which the employe is entitled under the terms and provisions of the Minnesota act upon such evidence as either party shall present, and in the event of an award of compensation benefits under the Minnesota act that the employer and its insurer be credited with the amount paid under the North Dakota award.

Since the employer and its insurer are or will be credited with the amount paid under the North Dakota act, there is very little left of the so-called North Dakota judgment upon which the full faith and credit clause of the constitution could operate. Aside from the money ordered to be paid, the only other thing in the so-called judgment of North Dakota would be the complete exclusiveness of the North Dakota act, if, in fact, it possesses that finality. As we are of the opinion that the North Dakota act is not completely exclusive, that leaves only the award which could or should be recognized under the full faith and credit provision. Since employer and its insurer will be given credit for the full amount paid under that award, it would seem that full faith and credit is being given the so-called North Dakota judgment, whether or not the giving of such full faith and credit would in fact be necessary under the situation here. In Horovitz, Workmen's Compensation, p. 42, the writer states that sufficient faith and credit are given to the first award where the entire amount is deductible from the second award.

In our opinion, employe has the right to institute proceedings to recover under the Minnesota workmen's compensation act, and the only difference between this new proceeding and a proceeding originally brought under the Minnesota act is that credit must be given

employer and its insurer for compensation paid under the North Dakota act.

Writ discharged and order affirmed. Respondent is allowed $250 attorneys' fees in this court.

MR. JUSTICE THEODORE CHRISTIANSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

