Raymond S. BUGANSKI, Jr., Relator,

v.

ONAN CORPORATION and Insurance
Company of North America,
Respondents.

No. C1–83–734.

Supreme Court of Minnesota.

Sept. 30, 1983.

Peterson & Kalina, Columbia Heights, for relator.

George R. Benton, Minneapolis, for respondents.

PETERSON, Justice.

Employee seeks review of a decision of the Workers' Compensation Court of Appeals awarding him compensation for a 15% permanent partial disability of the back but determining that he did not sustain simultaneous injury to his left arm and ordering a credit against the award made in this proceeding for compensation previously paid by the employer-insurer for a 10% permanent partial disability of the left arm. We affirm in part, reverse in part, and remand for additional evidence on the extent of employee's back impairment.

The underlying facts are not in dispute. Employee was a stacker crane operator whose duties included stacking parts on a crane he drove between rows of warehouse shelves. On October 2, 1978, as he reached from the crane with his right arm to take some parts from a shelf, the crane suddenly moved forward, spinning him out of the cab and pinning his head and body between the cab frame and some shelving for a brief time. He was immediately aware of pain down the left side of his neck from the jawbone to the top of his left shoulder, in his shoulder blade and chest, and in his left arm. He returned to work a short time later but the pain in his neck, arm, and back continued and he had difficulty moving his arm. He quit the job on December 12, 1978, because he could not tolerate the lifting required in his work.

Employee went to his family doctor shortly after the accident and was subsequently referred by him to an orthopedic surgeon, Dr. Charles Lai. Dr. Lai diagnosed traumatic bursitis of the left shoulder and in October 1979 assessed a 15% permanent partial disability of the left arm due to this injury. Employee then filed a claim petition seeking compensation for that permanent partial disability and for temporary total disability from December 12, 1978. The employer-insurer initially denied liability but had employee examined by another orthopedic surgeon, Dr. Lumir Proshek, in September 1980. Dr. Proshek diagnosed an irregular rotator cuff and assessed a 5% permanent partial disability of the left arm.

The parties subsequently negotiated a stipulation for settlement of their controversy under which employee was to receive a sum for temporary total disability, reimbursement for medical expenses, and $4,089.69 for a 10% permanent partial disability of the left arm. The stipulation recited employee's claim that he had sustained a 15% impairment of that arm and the employer's claim that he had sustained no more than a 5% disability. It provided also that it was a full and complete settle-

ment "to the extent of the dispute herein." The stipulation was approved by a compensation judge and an order awarding compensation pursuant to its terms was entered March 19, 1981.

Employee's condition did not improve, and Dr. Lai referred him to a neurologist, Dr. Steven Noran, in April 1981. After performing a neurological examination, obtaining an electromyogram which showed no abnormality of the arm, and a CT scan which disclosed mild foraminal narrowing and minimal disc bulging in the cervical spine, Dr. Noran concluded in November 1981 that employee's problems were caused by degenerative disc disease in this area which was causally related to the accident of October 2, 1978.

Employee filed a claim petition in January 1982 alleging a cervical back injury and seeking temporary partial disability and a 15% permanent partial disability of the back plus application of the 15% simultaneous injury factor provided in Minn.Stat. § 176.101, subd. 3(46) (1982), to that disability and also to the 10% permanent partial disability of the left arm which had been paid pursuant to the award on stipulation. The employer-insurer in response alleged that employee had sustained only an injury to his left shoulder and denied further liability.

At trial employee testified that he has had pain in his arm, the left side of his neck, and his shoulder since the accident. He said that movement of his neck is painful and he finds driving an automobile difficult. Employee obtained work as a janitor in August 1981 and found that shoveling during December of that year caused more aching and pain in his neck. He said also that if he extends his arm outward it soon becomes numb and red and will fall to his side, that his shoulder feels as if it "pops" when he moves it, and that he has pain when he lifts, does yard work, golfs, or tries other sports. He testified also that the pain in his neck and arm is simultaneous and he does not have pain in either area alone.

Dr. Noran expressed the opinion that employee has sustained a 15% permanent par-

tial disability of the back because of cervical disc disease which the witness believed was directly related to the accident of October 2, 1978. On cross-examination he agreed that employee has no organic injury to his arm and said also that he had considered all of employee's symptoms, in his neck, shoulder, and arm, in making his permanent partial disability evaluation.

Dr. Proshek, testifying for the employer-insurer, testified that he had reexamined employee on June 15, 1982, and at that point diagnosed a left thoracic outlet syndrome, based on employee's history of the accident, his complaints of numbness in his left hand when he extended his hand outward and upward, and numbness which developed over the last finger of his left hand when the doctor abducted and raised employee's arm. He expressed the opinion that employee had sustained a 10% permanent partial disability of the left arm.

On this evidence the compensation judge found that employee sustained a personal injury to his head, cervical spine, upper back and upper left extremity on October 2, 1978, that he had sustained temporary partial disability (not in issue here), and that—

> As a result of the employee's personal injury of October 2, 1978, the employee has sustained a 15% permanent partial disability of the back (permanent partial disability of the left upper extremity is not in issue).

He awarded compensation for the permanent partial disability of the back of $7,952.18 and also awarded $1,806.28, representing the 15% statutory factor for permanent partial disability caused by simultaneous injury to two or more members, applied both to the compensation for the back disability and to the compensation for a 10% permanent partial disability of the left arm.

On appeal the majority of the Court of Appeals set aside the quoted finding, substituted one stating that employee had sustained a 15% permanent partial disability of the back related to the cervical spine but did not also have a simultaneous permanent partial disability of the left arm, and ordered that the employer-insurer receive a

credit for the compensation paid pursuant to the award on stipulation. Dissenting, Judge Adel agreed with the compensation judge.

1. The first and paramount issue presented in this court is whether the Court of Appeals erred in determining that employee did not sustain a simultaneous permanent partial disability to his left arm. We are persuaded that it did in light of the fact that the principal issue in this proceeding was whether employee had sustained permanent partial disability to his back and in light of the further fact that in their stipulation for settlement of the claim relating to permanent partial disability of the arm both parties had taken the position that employee had sustained such disability, differing only on its extent, and had compromised their differences by agreeing on an award of compensation for a 10% permanent partial disability. Neither party sought vacation of the order approving their settlement prior to or during the present proceeding, and Minn.Stat. § 176.-461 (1982), the only statute authorizing the Court of Appeals to set aside that order, permits it to do so only "for cause" and "upon application of either party." This court has recognized four general grounds for establishing "cause" to vacate a settlement award: (1) fraud; (2) mistake; (3) newly-discovered evidence; and (4) substantial change of employee's condition. *Maurer v. Braun's Locker Plant,* 298 N.W.2d 439, 442 (Minn.1980). We have also recognized that caution should be exercised in vacating such awards in order to encourage settlement of claims, "a disposition which usually serves the best interests of the employee." *Bennett v. Hoiseth Motor Sales,* 302 Minn. 534, 536, 224 N.W.2d 148, 149 (1974). Consideration of that policy persuades us that the express statutory requirement that a party apply for vacation of an award or settlement is essential and that the Court of

Appeals thus did not have jurisdiction to make a finding contrary to a fact on which both parties had agreed in their stipulation for settlement—that employee did sustain some permanent partial disability to his arm in the work accident.[1] Consequently, we reverse the finding that employee did not sustain simultaneous permanent partial disability of the left upper extremity.

2. The employer-insurer also contend that the evidence does not support the finding that employee sustained a 15% permanent partial disability of the back. The determination that employee sustained *some* permanent partial disability of the back has adequate evidentiary support in the opinion of Dr. Noran that he has a permanent impairment of his back due to cervical disc disease causally related to the work accident. While Dr. Proshek did not agree that employee has cervical disc disease, the resolution of these conflicting opinions was the function of the Court of Appeals. With respect to the extent of this permanent partial disability, however, the record leaves room for doubt as to whether the 15% rating found by the compensation judge and the Court of Appeals reflects disability referable to employee's arm. This difficulty arises because Dr. Noran conceded on cross-examination that the 15% rating he had assessed was based on all of employee's symptoms, including those relating to his arm. We do not set aside the finding that employee sustained a 15% permanent partial disability at this time, but direct that it be reconsidered after the parties have been afforded an opportunity to question Dr. Noran further concerning the extent to which employee's arm symptoms were reflected in his rating.[2]

3. Having determined that the prior award established that employee sustained permanent partial disability to his arm and that the finding he has sustained

---

1. If the parties had submitted the issue of whether employee sustained injury and disability to his arm in the proceeding under review, their action might have been equivalent to an application to set aside the prior award, but this was not the case.

2. Although directing reconsideration of the finding, we recognize that the Court of Appeals may also take into consideration evidence relating to the effect of employee's neck condition on his daily activities in determining the extent of his permanent partial disability.

permanent partial disability to his back has sufficient evidentiary support, we reject the employer-insurer's further claim that employee did not sustain simultaneous injury to his back and arm because he did not sustain organic injury to the latter. Employee's testimony that ever since the accident he has had pain both in his neck and his arm at the same time requires the conclusion that he sustained simultaneous injuries within the meaning of Minn.Stat. § 176.101, subd. 3(46) (1982). *Cf. Tracy v. Streater/Litton Industries,* 283 N.W.2d 909, 916 (Minn.1979); *Lerich v. Thermo Systems, Inc.,* 292 N.W.2d 741 (Minn.1980). Consequently, the compensation ultimately determined to be due employee for his back disability should be increased by 15% pursuant to section 176.101, subd. 3(46). However, since the award on stipulation governs the amount payable for the permanent partial disability employee sustained to his left arm, section 176.101, subd. 3(46), is not applicable to increase that award.

Employee is awarded attorney fees of $400.

Affirmed in part, reversed in part, and remanded.