**Raymond S. BUGANSKI, Jr., Relator,**

v.

**ONAN CORPORATION and Insurance Company of North America, Respondents.**

No. C6–84–89.

Supreme Court of Minnesota.

July 27, 1984.

William G. Moore, Columbia Heights, for Relator.

George R. Benton, Minneapolis, for respondents.

**SIMONETT, Justice.**

The Workers' Compensation Court of Appeals erred in vacating a prior 1978 award for disability of the left arm. We reverse the vacation but also remand to reconsider a subsequent 1982 award for disability of the back.

The 1982 award was reviewed by us in *Buganski v. Onan Corp.*, 338 N.W.2d 586 (Minn.1983), and that opinion may be referred to for more detailed facts. Briefly, Raymond Buganski was injured in a work accident in October 1978, and he filed a claim petition against his employer, Onan Corporation, and its insurer for disability of his left arm. There were conflicting medical opinions on the extent of this disability, but in September 1980, the parties resolved their differences by stipulating to a settlement for 10% permanent partial disability of the left arm.

Thereafter, Buganski's orthopedist referred the employee to Dr. Steven Noran, a neurologist, who concluded the employee's problems were attributable to a neck injury received in the 1978 accident. Buganski then filed a second claim petition asking for temporary partial disability and 15% permanent partial disability of the back, plus a simultaneous injury award for 15% disability to the back and 10% to the left arm. On this petition, the compensation judge awarded 15% permanent partial disability of the back, stated that permanent partial disability of the left arm was not in issue, and also granted a simultaneous injury award. The Workers' Compensation Court of Appeals, on appeal, held that the employee had sustained only a 15% permanent partial disability of the back, reversed the simultaneous injury award, and ordered that compensation which had been paid for the left arm be credited against compensation due for the back. On certiorari to this court, we reversed the court of appeals. We pointed out that there was evidence of a simultaneous injury to both the left arm and the back and that, in absence of a request by the employer to vacate the left arm award, the court of appeals was without jurisdiction to vacate that award. We also observed that it was unclear if Dr. Noran's testimony of 15% permanent partial disability to the back included disability to the left arm, for which compensation had already been awarded, and we remanded the case to reconsider Dr. Noran's testimony "concerning the extent to which employee's arm symptoms were reflected in his rating." *Buganski*, 338 N.W.2d at 589.

On remand, the employer, instead of seeking clarification of Dr. Noran's testimony, elected to petition for vacation of the left arm award. The court of appeals, three to two, held that the 1978 left arm award was based on mistake and should be vacated. The employee appeals here.

1. We hold that the court of appeals exceeded the proper bounds of its discretion in vacating the 1978 award for disability of the left arm. While mistake may be grounds for vacating an award based on a settlement stipulation, *see Krebsbach v. Lake Lillian Coop. Creamery Ass'n*, 350 N.W.2d 349 (Minn.1984), our review of the record discloses no mistake was made. The 1978 stipulation recited that the two doctors agreed the employee had left arm disability, and they only disagreed on the extent of that disability. The fact Dr. Noran arrived later with a new opinion that the employee has a back disability does not mean that the prior medical opinions were mistakes. At the hearing on the second claim petition, Dr. Noran was, of course, aware of the prior left arm disability rating, but he was not questioned about it, and his testimony does not disprove left arm disability. Dr. Noran said the employee had 15% permanent partial disability "to his back," but he also said he took into account the patient's arm symptoms. An injury to the spine which causes loss of use of a limb may result in simultaneous injuries within the meaning of Minn.Stat. § 176.101, subd. 3(46) (1982). *See Lerich v. Thermo Systems, Inc.*, 292 N.W.2d 741 (Minn.1980); *Tracy v. Streater/Litton Industries*, 283 N.W.2d 909 (Minn.1979). The

employee testified he had pain in both his neck and arm ever since the accident; he testified to inability to perform physical activities because of the pain, inability to extend the arm outward, and the arm popping in his shoulder. This evidence supports the conclusion that the employee sustained some permanent partial disability of the left arm. *See* Minn.Stat. § 176.021, subd. 3 (1982) (permanent partial disability is "functional loss of use or impairment of function, permanent in nature"). Clearly, at least, it cannot be said that the 1978 settlement stipulation for permanent partial disability to the arm was the result of a mistake. The order vacating the 1978 award for the left arm is, therefore, reversed.

2. We again remand for the court of appeals to reconsider the 1982 award for 15% permanent partial disability of the back. On remand, the basis for Dr. Noran's opinion should be explored to determine to what extent the rating for the back disability includes any impairment of the employee's arm. This procedure should be sufficient to protect the employer from any double compensation.

Employee is awarded attorney fees of $400.

Reversed and remanded.