Robert D. PIERCE, Respondent,

v.

ROBERT D. PIERCE, LTD., and Hartford Insurance Company, Relators-Respondents,

and

Travelers Insurance Company, Intervenor,

State Treasurer, Custodian of the Special Compensation Fund, Intervenor.

No. C8–83–1668.

Supreme Court of Minnesota.

March 8, 1985.

Patrick D. Reilly, St. Paul, for Pierce Ltd. and Hartford Ins. Co.

Keith J. Broady, Minneapolis, for Pierce.

Jeanne W. Sayers, Minneapolis, for Travelers Ins. Co.

KELLEY, Justice.

If an employee has settled a claim brought against a former employer in another state for temporary total disability, retraining, and medical expenses, and thereafter obtains an award in Minnesota against his subsequent employer for temporary total disability and medical expenses arising out of the same disabling condition, is the later employer-insurer entitled to credit the amount of the settlement against the award? A divided Workers' Compensation Court of Appeals panel affirmed the compensation judge's decision denying the credit. We reverse.

The underlying facts are not in dispute. Employee, a Minnesota resident, was working as a welder for an Alaska employer on September 12, 1975, when a file he was carrying pierced his left leg slightly above the knee. In early October 1975 he returned to Minnesota. The wound, which became infected, required extensive medical treatment and resulted in a flexion contracture of employee's leg. The Alaska employer voluntarily paid employee benefits for temporary total disability and 40% permanent partial disability of the leg and subsequently paid him additional amounts in settlement of his further claim for additional permanent partial disability and retraining benefits.

After obtaining retraining in cosmetology, employee began his own business in April 1977. He worked without physical difficulty until early June 1980 when his left leg began to throb, redden, and swell. By the end of a long workday on June 20, 1980, his leg was badly swollen and discolored. He was then hospitalized for several weeks under the care of Dr. Raymond Marecek, who diagnosed acute thrombophlebitis. Employee continued to require fairly frequent medical treatment for several more months.

Based on Dr. Marecek's opinion that the 1975 injury and the consequent flexion contracture of employee's leg was a major contributing cause of the thrombophlebitis, in September 1980 employee filed a claim petition in Alaska against his Alaska employer, seeking temporary total disability from June 21, 1980, medical benefits, and retraining. The Alaska employer-insurer denied liability and obtained an independent medical examination by Dr. Dean Rizer. Dr. Rizer concluded that employee's development of thrombophlebitis was not causally related to his 1975 injury. Thereafter the parties settled employee's claim on June 11, 1981, by a compromise under which employee received $60,000 "to resolve all issues with respect to compensation for disability regardless of whether the same be temporary total, temporary partial, permanent partial, permanent total, vocational rehabilitation compensation * *

or medical expenses." The settlement was approved by the Alaska Workers' Compensation Board on June 19, 1981.

On January 13, 1982, employee filed a claim petition in Minnesota, alleging he had sustained an injury, thrombophlebitis, in the period from May 1977 to June 10, 1980. The Minnesota employer and its successive compensation insurers during that period denied liability. Medical opinions on the issue of causation were in conflict, but the compensation judge found that the prolonged standing required in employee's work had been a substantial contributing factor in the development of his thrombophlebitis. After also finding that employee was temporarily totally disabled for a 6-month period from June 20 to December 20, 1980, and had incurred certain medical expenses, the judge awarded him compensation against his Minnesota employer and its compensation insurer on June 20, 1980, Hartford Insurance Company. The compensation judge rejected the insurer's argument that employee was seeking double recovery.

On the employer-insurer's appeal, the majority of the WCCA panel affirmed the decision of the compensation judge. Dissenting in part, Judge Hansen took the view that the employer-insurer was entitled to credit the Alaska settlement proceeds against the Minnesota award. We have come to the same conclusion.

We have recognized as "a settled rule" that an award or settlement obtained in one state does not bar "a successive award in another state, deducting the award or settlement received in the first proceeding from the second." *Follese v. Eastern Airlines*, 271 N.W.2d 824, 829 (Minn.1978). *See also Cook v. Minneapolis Bridge Const. Co.*, 231 Minn. 433, 43 N.W.2d 792 (1950) (prior award in North Dakota did not bar Minnesota proceeding, with credit given for the North Dakota award); *Houle v. Stearns-Rogers Mfg. Co.*, 279 Minn. 345, 157 N.W.2d 362 (1968) (receipt of compensation in South Dakota and giving of a release there did not bar subsequent Min-

nesota proceeding, with credit given for the amount previously paid employee in South Dakota). *Cf. Stolpa v. Swanson Heavy Moving Co.*, 315 N.W.2d 615 (Minn.1982) (Wisconsin employee who had been injured in this state and had received compensation voluntarily paid by his Wisconsin employer could seek compensation benefits here, from which the Wisconsin benefits paid him could be deducted). In all these cases the common requirement that benefits previously received by the employee, whether through settlement, award, or voluntary payment in another state, be credited against compensation he receives in this state is clearly intended to avoid the injustice of double recovery.[1]

Employee argues that the decided cases are distinguishable because they dealt with successive claims arising out of the same injury. It is true that he was found here to have sustained a second injury in Minnesota, the thrombophlebitis which disabled him in June 1980. However, his testimony that he had not understood that he was being compensated for that condition in the Alaska settlement approved in September 1980 is contradicted by the settlement agreement itself, the medical depositions incorporated therein, and the parties' briefs in the Alaska proceeding. It is clear that the settlement resolved employee's claims for temporary total disability, medical expenses, and retraining, all resulting from his development of thrombophlebitis. It is clear also that the injury he alleged in his Minnesota proceeding is this condition and that he again sought to obtain temporary total disability benefits and medical expenses. Thus, because the same condition was the basis of both claims, and both claims were for the same types of compensation, the refusal to credit the Alaska settlement in effect gave employee an undeserved double recovery. Consequently, we reverse the decision under review so far as it failed to credit the Alaska settlement against the compensation awarded employ-

ee and remand for amendment of the decision to provide the employer-insurer credit against the Minnesota award in the amount employee received in the Alaska settlement.

Reversed.

---

1. The possibility of double recovery caused this court to remand for further evidence and reconsideration when awards for different permanent partial disabilities appeared to have been based on medical ratings of impairment which took into account the same factors. *See Buganski v. Onan Corp.*, 338 N.W.2d 586 (Minn.1983).