203 So.2d 110

Royce HILE

v.

LIBERTY MUTUAL INSURANCE COMPANY.

6 Div. 60.

Supreme Court of Alabama.

Oct. 5, 1967.

W. J. Sullivan, Jr., and Sadler, Sadler, Sullivan & Sharp, Birmingham, for appellee.

Hare, Wynn, Newell & Newton, Birmingham, for appellant.

GOODWYN, Justice.

Appellant, Royce Hile, brought suit in the circuit court of Jefferson County, Ala-

bama, against Tractor & Equipment Co., Inc., to recover damages for personal injuries he received in an automobile collision in Blount County, Alabama. Appellee, Liberty Mutual Insurance Company, and Hile's Wisconsin based employer, Bucyrus-Erie Company, intervened in the suit, over Hile's objection, claiming subrogation rights under the Wisconsin Workmen's Compensation Act and seeking reimbursement, out of any recovery made by Hile, for benefit payments made to Hile by Liberty Mutual, Bucyrus-Erie's workmen's compensation insurance carrier in Wisconsin, under the Wisconsin Workmen's Compensation Act. By agreement of all the parties, including the interveners, the suit against Tractor & Equipment Co. was settled for $40,000. There was judgment accordingly, and the $40,000 was paid into court. The interveners then filed a "Motion for Division of Judgment," later amended, claiming subrogation rights by Liberty Mutual and seeking, by virtue of such rights, the repayment to Liberty Mutual, out of the $40,000 the sum of $11,069.52, being the total of the payments made by Liberty Mutual to Hile under the Wisconsin Workmen's Compensation Act. Hile's motion to strike the amended "Motion for Division of Judgment" was overruled. After an oral hearing on the amended motion, the court rendered judgment ordering payment of the $11,069.-52 to Liberty Mutual. Hile brings this appeal from that judgment. We affirm.

The substance of the pertinent facts, in addition to those already noted, may be stated as follows: Hile, a resident of Arkansas, was employed by Bucyrus-Erie, a corporation with its home offices in Wisconsin, to service equipment sold by it. The employment contract was made in 1948 and Hile worked under it continuously until 1959. The contract showed Hile's "local address" as "Lavaca, Ark." and contained the following provision:

"This card constitutes an employment contract made in and governed by the laws of Wisconsin; and the provisions of the Workmen's Compensation Acts of said state shall apply to all cases, regardless of where the employee may be working."

There is no question that the evidence shows Hile was a resident of Arkansas when the employment contract was made and continued thereafter to be a resident of Arkansas. At no time was he a resident of Wisconsin. He had been to Wisconsin on two occasions in connection with his employment, once prior to his employment for the purpose of discussing terms of employment with Bucyrus-Erie, and then for a two-week training program. In performing his work, Hile traveled from state to state, generally in the southern area of the country. At the time of the accident in Alabama, Hile was acting within the line and scope of his employment, or, as provided in Section 102.03 of the Wisconsin Act, while "performing service growing out of and incidental to his employment."

Shortly after the accident, a report of it was made to Bucyrus-Erie's Wisconsin office. That office then sent a report of it to Liberty Mutual and the Wisconsin Industrial Commission.

Liberty Mutual's claims adjuster, after checking with officials of Bucyrus-Erie, concluded that Hile's injuries were compensable under the Wisconsin Workmen's Compensation Act. There being no issue as to Hile's coverage by the Act, a rate schedule was prepared by the Wisconsin Industrial Commission and Liberty Mutual made payments to Hile in conformity with this schedule. An Arkansas attorney represented Hile concerning his right to benefits under the Wisconsin Act. In the course of correspondence with Liberty Mutual's adjuster, Hile's attorney made this statement: "Of course, I am aware of the right of your company to subrogation, and in the event of a settlement we will be sure its rights will be taken into consideration, and any settlement made will be in accordance with law." Copies of the attorney's letters were sent to Hile. Hile did not file

a formal written claim against Bucyrus-Erie or Liberty Mutual for benefits under the Wisconsin Workmen's Compensation Act, but he accepted, and has retained, payments for benefits made to him by Liberty Mutual under the Act totaling $11,069.52.

Hile takes the position that the Wisconsin Workmen's Compensation Act was not applicable to him because he had never been a resident of Wisconsin; that, the Act not being applicable to him, Liberty Mutual was under no legal obligation to make the payments to him under the Act, thereby rendering such payments voluntary; that the Act (§ 102.29) provides for subrogation and reimbursement rights in favor of "the employer or compensation insurer who shall have paid or is obligated to pay *a lawful claim*" under the Act; that the payments made to him were not in payment of a lawful claim under the Act because the Act was not applicable to him and, therefore, no right of subrogation or reimbursement exists in favor of Liberty Mutual.

An authenticated copy of the Wisconsin Workmen's Compensation Act was introduced in evidence. Section 102.29 of the Act provides, to the extent here pertinent, as follows:

"102.29. Third party liability.

(1) The making of a claim for compensation against an employer or compensation insurer for the injury or death of an employe shall not affect the right of the employe, his personal representative, or other person entitled to bring action, to make claim or maintain an action in tort against any other party for such injury or death, hereinafter referred to as a third party; nor shall the making of a claim by any such person against a third party for damages by reason of an injury to which sections 102.03 to 102.64 are applicable, or the adjustment of any such claim, affect the right of the injured employe or his dependents to recover compensation. *The employer or compensation insurer who shall have paid or is obligated to pay a lawful claim under this chapter shall likewise have the right to make claim or maintain an action in tort against any other party for such injury or death.* However, each shall give to the other reasonable notice and opportunity to join in the making of such claim or the instituting of an action and to be represented by counsel. If a party entitled to notice cannot be found, the industrial commission of Wisconsin shall become the agent of such party for the giving of a notice as required herein and the notice, when given to the industrial commission, shall include an affidavit setting forth the facts, including the steps taken to locate such party. Each shall have an equal voice in the prosecution of said claim, and any disputes arising shall be passed upon the by the court before whom the case is pending, and if no action is pending, then by a court of record or the industrial commission. If notice is given as herein provided, the liability of the tort feasor shall be determined as to all parties having a right to make claim, and *irrespective of whether or not all parties join in prosecuting said claim, the proceeds of such claim shall be divided as follows: After deducting the reasonable cost of collection, one-third of the remainder shall in any event be paid to the injured employe or his personal representative or other person entitled to bring action. Out of the balance remaining, the employer or insurance carrier shall be reimbursed for all payments made by it, or which it may be obligated to make in the future, under the workmen's compensation act,* except that it shall not be reimbursed for any payments of increased compensation made or to be made under the provisions of section 102.22, 102.57 or 102.60. Any balance remaining shall be paid to the employe or his personal representative or other person entitled to bring action. If both the employe or his personal representative or other person entitled to bring action, and the employer or compensation

insurer, join in the pressing of said claim and are represented by counsel, the attorneys' fees allowed as a part of the costs of collection shall be, unless otherwise agreed upon, divided between such attorneys as directed by the court or by the industrial commission. A settlement of any third party claim shall be void unless said settlement and the distribution of the proceeds thereof is approved by the court before whom the action is pending and if no action is pending, then by a court of record or the industrial commission." [Emphasis supplied.]

The position taken by Hile does not give consideration to the last emphasized portion of § 102.29, supra. Hile relies on the first emphasized portion which concerns the right of the employer or compensation insurer "to make claim or maintain an action in tort against any other party." Under the circumstances of this case, it is the last emphasized portion which is of primary significance. It provides for a division of the *proceeds* of the claim against the third party tort-feasor and it applies "irrespective of whether or not all parties join in prosecuting" the claim. In other words, Liberty Mutual's right to reimbursement extends to *"all payments made by it,* or which it may be obligated to make in the future, *under the workmen's compensation act."* This brings us to the question whether the payments made by Liberty Mutual to Hile were made "under the workmen's compensation act," as that phrase is used in § 102.29.

Since there was not any dispute or controversy concerning Hile's right to compensation there was no occasion for a formal hearing before the Industrial Commission to determine whether Hile's injuries were compensable. Sections 102.16, 102.17, 102.18, Wisconsin Workmen's Compensation Act. The only things left to be done were done when the Industrial Commission prepared the rate schedule covering Hile's injuries and when Liberty Mutual made the payments to Hile in accordance with that schedule. Clearly, it seems to us, these payments were made "under the workmen's compensation act," as that phrase is used in Section 102.29, thereby entitling Liberty Mutual to reimbursement for such payments out of the proceeds of the claim against Tractor & Equipment Co., the third party tort-feasor, that is, out of the $40,000 paid into court.

No Wisconsin case has come to our attention which deals with the situation before us. Accordingly, in discussing § 102.29, we are left to our own interpretation of it. 50 Am.Jur., Statutes, § 324, p. 317; 21 C.J.S. Courts § 204 b, p. 359.

The judgment appealed from is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.