**Michael S. STOLPA, Relator,**

v.

**SWANSON HEAVY MOVING COMPANY, et al., Respondents.**

No. 81–808.

Supreme Court of Minnesota.

Feb. 12, 1982.

Rehearing Denied March 17, 1982.

Gross, Von Holtum, Von Holtum, Sieben & Schmidt and David A. Stofferahn, Minneapolis, for relator.

Arndt & Benton and Richard L. Plagens, Minneapolis, for respondents.

YETKA, Justice.

Michael Stolpa, a Wisconsin resident, seeks review of a decision of the Workers' Compensation Court of Appeals determining that it does not have jurisdiction over a proceeding commenced by employee to recover compensation for disability allegedly resulting from work-connected injuries he sustained in Minnesota. Having concluded that the majority of the Court of Appeals misconstrued the applicable statute, Minn. Stat. § 176.041, subd. 4 (1980), we reverse and remand for entry of a compensation award in conformity with the other findings of fact initially made by the compensation judge and affirmed by the Court of Appeals.

Employee, a resident of LaCrosse, was a truckdriver for a Wisconsin firm. His duties sometimes brought him to Minnesota. On May 1, 1979, while in this state, he sustained a concussion and other injuries in an accident which admittedly arose out of and in the course of his employment. He was hospitalized for a few days in St. Paul, then went home to LaCrosse and, on May 13, attempted to return to work. Allegedly because of mental confusion caused by his head injury, he had two minor accidents which led to his discharge three days later. His employer and its compensation insurer had voluntarily paid employee's medical expenses and had also paid him $363.33, representing 1.8 weeks of temporary total disability, pursuant to the provisions of the Wisconsin compensation law. They refused to pay him further benefits after his discharge. He ultimately consulted a Minnesota attorney who filed a claim petition with the Workers' Compensation Division of this state's Department of Labor and Industry on his behalf in October 1979.

In response to the claim petition, the employer and insurer took the position that employee is barred from pursuing the compensation claim in this state because of his acceptance of benefits under the Wisconsin law. Compensation Judge Daniel B. Gallagher held to the contrary and awarded employee benefits after finding that employee at no time had chosen to be covered by the Wisconsin statute and did in fact elect Minnesota coverage by filing his claim petition in this state.

On the employer-insurer's appeal, Judge Wallraff agreed with the compensation judge's analysis. The majority of the Court of Appeals determined, however, that employee had not complied with section 176.041, subd. 4, because he had failed to repay the Wisconsin benefits he had received and that, because of this failure, the Workers' Compensation Division had no jurisdiction over the proceeding.

Minn.Stat. § 176.041, subd. 4 (1980) provides:

If an employee who regularly performs the primary duties of his employment outside of this state or is hired to perform the primary duties of his employment outside of this state, receives an injury within this state in the employ of the same employer, such injury shall be covered within the provisions of this chapter if the employee chooses to forego any workers' compensation claim resulting from the injury that he may have a right to pursue in some other state.

Writing for the majority, Judge Adel emphasized that the statute extends coverage to an out-of-state employee injured within this state only "if the employee chooses to forego any workers' compensation claim resulting from the injury that he may have a right to pursue in some other state." He interpreted this language to mean that employee was required to forego out-of-state benefits "as a prerequisite to obtaining Minnesota benefits under this statute." He added:

> The employee must give up other states' benefits. We do not believe the fact that other state benefits were tendered and accepted by the employee prevents his foregoing those benefits. Clearly to forego them he must make a positive, affirmative election by returning the compensation benefits which he has received.

▮ In this court, the employer-insurer urged that the decision under review represents sound public policy. They argued that employee is not denied a forum because he can commence a compensation proceeding in Wisconsin; that employer and employee are Wisconsin residents who do not contribute taxes to this state; and that the Department of Labor and Industry has a large backlog of cases involving Minnesota workers and Minnesota employers.[1] In our view, these arguments would be better addressed to the legislature because the statute represents the legislative judgment that injury to an employee in Minnesota is sufficient reason to afford him coverage under our compensation law provided he "*chooses to forego any workers' compensation claim* resulting from the injury that he may have a right *to pursue* in some other state.". Minn.Stat. § 176.041, subd. 4 (1980) (emphasis added). Mere acceptance of the Wisconsin benefits is not equivalent to a choice of that law on the part of the employee or to his pursuing a claim for benefits in that state. Thus, the language of the statute itself does not warrant a construction which precludes coverage of employee's claim unless he repays the Wisconsin benefits prior to filing his claim petition here. Moreover, the obvious hardship facing a disabled employee if he must return out-of-state benefits before he can seek compensation under the Minnesota statute persuades us that the interpretation given the statute by the majority of the Court of Appeals is contrary to the remedial construction historically accorded compensation legislation. *See Kahn v. State*, 289 N.W.2d 737 (Minn.1980). We hold that the statutory language itself warrants a construction which permits an injured employee, in spite of his acceptance of compensation voluntarily paid by a compensation insurer pursuant to the laws of another state, to make an affirmative election of Minnesota coverage by filing a claim petition in this state after obtaining legal advice concerning his rights. The filing of that petition is, in effect, an intelligent choice on the employee's part "to forego any workers' compensation claim resulting from the injury that he may have a right to pursue in some other state." Minn. Stat. § 176.041, subd. 4 (1980).

Our holding is consistent with the reasoning of the Court of Appeals in *Flink v. K & K Construction & Repair*, 33 W.C.D. 9 (1980). There, a North Dakota employee injured in Minnesota had filed a claim against his North Dakota employer under the compensation law of that state, but had not appeared at the hearing, as a consequence of which his claim was dismissed. The employee then consulted a Minnesota attorney who filed a claim petition in this state. Following the dismissal of the North Dakota proceeding, an attorney for the North Dakota Workers' Compensation Bu-

---

1. The employer-insurer also points out a provision added by the 1981 Legislature, Minn.Stat. §.176.041, subd. 6 (1981 Supp.), which empowers the Commissioner of Labor and Industry to enter agreements with appropriate agencies of other states to resolve conflicts over jurisdiction or disputes concerning workers' compensation coverage in cases of employees covered by section 176.041, subds. 2, 3, and 4. This provision, they claim, shows that the legislature did not wish to retain broad coverage over the claims provided for in subds. 2 to 4. This argument is not relevant even if otherwise persuasive since the amendment is not applicable to employee's claim.

reau expressed the opinion that if the employee filed a claim in Minnesota, " 'it would be my impression that, in so doing, you forego any workers' compensation claim in North Dakota, pursuant to Minnesota law.' " *Id.* at 11. The Court of Appeals held that the employee's filing of his Minnesota petition after receiving that opinion "clearly indicates that the employee has foregone any workers' compensation claim that he may have a right to pursue in the State of North Dakota and, therefore, has met the requirements of Minn.Stat. § 176.041, subd. 4." *Id.* at 11. The Court of Appeals added that the employee "should not be penalized for filing a claim in the State of North Dakota until he could seek counsel from a Minnesota attorney familiar with the Minnesota Workers' Compensation Law." *Id.* at 11.

■ If an employee who files and abandons a claim in another state can be viewed as having foregone any claim he had a right to pursue there by the act of filing a claim petition in this state, the employee who has never filed a claim petition in another state should as reasonably be viewed as having foregone any claim he had a right to pursue in that state by filing his claim petition in Minnesota. We believe that the legislative intent was plainly to deny coverage under the law of this state to an out-of-state employee injured here only if, with full knowledge of his rights, he has filed a claim and pursued it to an award, settlement or denial of compensation in another state.

Such an employee has made an affirmative choice of law which properly precludes him from seeking compensation in this state.

In the absence of such acts, however, an employee who obtains legal advice in this state and then files a claim petition pursuant to our statute thereby demonstrates his compliance with the requirement of section 176.041, subd. 4, that he choose to forego any workers' compensation claim that he could pursue in another state.

We recognize that the majority of the Court of Appeals may have construed the statute to contain the repayment requirement so that an employee would not obtain excessive compensation by receiving benefits from more than one state. There is no reason, however, to impose so onerous a burden on an injured employee in order to avoid that outcome since any benefits voluntarily paid him pursuant to the laws of another state can be deducted from the compensation awarded in a proceeding in Minnesota. *See Follese v. Eastern Airlines,* 271 N.W.2d 824, 829 (Minn.1978).

Employee is awarded attorneys' fees of $400.

Reversed and remanded.