Lowell E. PAULI, Relator,

v.

PNEUMATIC SYSTEMS, INC., et al., Respondents,

Twin City Fire Insurance Co., Insurer.

No. C4–82–751.

Supreme Court of Minnesota.

Jan. 21, 1983.

Cragg & Bailly, Minneapolis, for relator.

Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for respondents.

KELLEY, Justice.

Employee Lowell E. Pauli has sought review of a decision of a divided Workers' Compensation Court of Appeals dismissing a claim petition he filed in this state to obtain compensation for a 10% permanent partial disability of the back. The majority of the Court of Appeals concluded that the Workers' Compensation Division had no jurisdiction over the claim because employee had not chosen to forego a compensation claim which he had a right to pursue in Oregon. We affirm.

Employee, an Oregon resident, sustained the injury in question in the course of his employment in a visit to Warroad, Minnesota, on June 1, 1978. He did not miss time from work but received chiropractic treatments until April 1980. The Oregon employer filed a notice of injury with the Oregon Workers' Compensation Board and voluntarily paid employee's chiropractic expenses after he had filed a petition therefor. On March 31, 1980, an Oregon orthopedist examined employee on behalf of the employer-insurer and concluded that employee had sustained a ligamentous injury resulting in some instability in his midback, that he had sustained a 10% impairment of the whole person or 16% permanent partial disability of the back, but that he no longer needed curative treatment. The orthopedist recommended that the case be closed, and the insurer submitted that recommendation to the Oregon Workers' Compensation Board. In an administrative determination issued on May 19, 1980, that board ordered the claim closed.

On March 31, 1981, employee filed his claim petition in Minnesota. In response thereto the employer-insurer denied that the employee had sustained the claimed disability and alleged that this state lacked jurisdiction over the claim. On May 7, 1981, 5 weeks after filing his claim petition in Minnesota, the employee's attorney filed a request for a hearing before the Oregon board in order to preserve employee's rights in that state in the event Minnesota did not have jurisdiction of the claim. Thereafter, the employer-insurer moved to dismiss the claim petition filed in this state for lack of jurisdiction, and the employee moved to strike the jurisdictional defense from the answer to his petition.

Both motions were submitted to the compensation judge. He held that this state had jurisdiction of the employee's claim because he had complied with Minn.Stat. § 176.041, subd. 4 (1980).[1] That statute provides that an employee employed primarily outside Minnesota, but injured in this state, may have "coverage" under the Minnesota Workers' Compensation Act—Minn.Stat. ch.. 176 (1980)—provided he chooses to forego any workers' compensation claim resulting from the injury that he may have a right to pursue in some other state. On appeal from the compensation judge's decision, a majority of the Workers' Compensation Court of Appeals determined the employee's claim petition should be dismissed without prejudice because the employee had not foregone his rights under the Oregon Workers' Compensation Act. The dissenting judges, while conceding that the employee had pursued some workers' compensation rights in Oregon, characterized payments he there received as being "voluntary" by the employer-insurer, relying on our case of *Stolpa v. Swanson Heavy Moving Co.*, 315 N.W.2d 615 (Minn.1982). The dissenters concluded that employee had chosen to forego his Oregon claim by filing a claim petition in this state and by the filing of an affidavit to the effect that he elected to forego any Oregon compensation benefits.

The critical issue is whether the employee has chosen to forego his compensation claim in the State of Oregon. The compensation judge made "findings," one of which was that the insurer of the employer paid certain chiropractic expenses incurred by the employee in Oregon. The dissenters in the court of appeals characterized these payments as "voluntary payments." Although the facts are far from clear,[2] apparently the payments were "voluntary" only in the sense that the insurer elected to accept the claim as a nondisabling injury. On the other hand, Judge Rieke, writing for dismissal, said:

> The employee filed a claim for benefits with the Workers' Compensation Board of Oregon. This claim apparently was made by using a form provided to the employee by United Pacific Insurance Company.

After making the chiropractic payments, the insurer had the employee examined by an orthopedist in Oregon and then submitted all information concerning the claim to the Workers' Compensation Board of Oregon. Apparently there was no adversary hearing, but rather the Board, under Oregon's administrative procedure, on May 19, 1980, denied any claim for permanent partial disability.

In our view there is nothing in the record, the "findings" of the compensation judge, or the various opinions of the Workers' Compensation Court of Appeals which indicates that the employee ever made an election "to forego" any workers' compensation he might have had in Oregon. Shortly after he filed his claim in Minnesota, he took an appeal from the Oregon board's decision. At no time was there a dismissal of that appeal in Oregon. He filed with the compensation judge an affidavit which indicated he wanted to preserve jurisdiction under Oregon law pending a ruling on his petition in Minnesota.

■ We are constrained to agree with the majority of the Workers' Compensation Court of Appeals that when, with advice and assistance of counsel, an employee files legal papers to request a hearing in another state, he chooses to "forego" any workers' compensation claim here. In effect, what the employee seeks to do is "hedge"—if he loses in Minnesota, he will continue his claim in Oregon; if he wins in Minnesota,

---

1. Minn.Stat. § 176.041, subd. 4 (1980) provides:

   If an employee who regularly performs the primary duties of his employment outside of this state or is hired to perform the primary duties of his employment outside of this state, receives an injury within this state in the employ of the same employer, such injury shall be covered within the provisions of this chapter if the employee chooses to forego any workers' compensation claim resulting from the injury that he may have a right to pursue in some other state.

2. It is indeed difficult to ascertain exactly what did happen. Judge Gard, writing separately for dismissal, emphasized the lack of any record to substantiate what he calls "so-called" findings of fact of the compensation judge.

he says in his affidavit he will dismiss his appeal in Oregon. This, we hold, Minn. Stat. § 176.041, subd. 4 does not permit.

In our view, the reliance of the minority of the court of appeals on our recent case of *Stolpa v. Swanson Heavy Moving Co.,* 315 N.W.2d 615 (Minn.1982), is misplaced. There, the insurer had voluntarily paid some small medical expenses and a small amount of total disability pursuant to the Wisconsin Workers' Compensation Act. The employee had accepted those payments, but had taken no affirmative action, either by himself or through counsel, to pursue his claim further in Wisconsin before the Wisconsin Compensation Board. Had Mr. Pauli only accepted reimbursement of his chiropractic and other medical expense in Oregon, *Stolpa* would be dispositive, but here he did more by affirmatively making a claim, with aid of counsel, before the Oregon Workers' Compensation Board, and at the time of the hearing on these motions had not dismissed his pending appeal before that board.

Affirmed.

TODD, Justice (dissenting).

I respectfully dissent. The sole issue in this case is whether the claimant is entitled to proceed under the Workers' Compensation Act of Minnesota. Under the facts of this case the claimant is entitled to proceed under Minn.Stat. § 176.041, subd. 4 (1980), if he "chooses to forego any workers' compensation claim resulting from the injury that he may have a right to pursue in some other state." In *Stolpa v. Swanson Heavy Moving Co.,* 315 N.W.2d 615 (Minn.1982), we allowed such proceedings where payments had been voluntarily made in Wisconsin. The majority opinion seeks to distinguish this case on the grounds that claimant has filed an appeal in Oregon from non-adversary proceedings which dismissed a proceeding commenced by the employer. The claimant has now filed an affidavit agreeing to forego any benefits under the Oregon proceedings. This is exactly what the statute requires. In *Stolpa,* at 617–18, we cited with approval a decision of Workers' Compensation Court of Appeals, *Flink v. K & K Construction & Repair,* 33 WCD 9 (1980), which involves the same facts as this case with the exception that a dismissal and not an affidavit was used to establish that the claimant would forego benefits in the foreign jurisdiction. I fail to perceive any difference. Obviously, if claimant attempted to proceed in the foreign jurisdiction, his affidavit is an admission against interest and would preclude further proceedings. Further, the decision of the compensation case in this state would be res judicata. It appears that the majority opinion improperly seeks to legislate against a statute it doesn't like. As we indicated in *Stolpa,* that action is exclusively the prerogative of the legislature. *Id.* at 618.

Further, I reiterate what we stated in *Stolpa:*

> We believe that the legislative intent was plainly to deny coverage under the law of this state to an out-of-state employee injured here *only if, with full knowledge of his rights, he has filed a claim and pursued it to an award, settlement or denial of compensation in another state.*

*Id.* (Emphasis supplied).

Clearly, the majority opinion overrules this recent pronouncement of the law. I am concerned. Good appellate judicial practice demands consistency. Precedents should be overruled only if compelling, logical reasons are set forth. *Johnson v. Chicago, Burlington & Quincy Railroad,* 243 Minn. 58, 68–70, 66 N.W.2d 763, 770 (1954). Such reasons were not presented in this case.

I would reverse.

YETKA, Justice (dissenting).

I join in the dissent of Justice Todd.

SCOTT, Justice (dissenting).

I join in the dissent of Justice Todd.

WAHL, Justice (dissenting).

I join in the dissent of Justice Todd.