Michael MURPHY, Relator,

v.

DULANEY INVESTMENTS and Hartford Insurance Company, intervenor, Respondents.

No. C7–83–1872.

Supreme Court of Minnesota.

Sept. 21, 1984.

Rehearing Denied Oct. 22, 1984.

John T. Anderson, Minneapolis, for relator.

Patrick D. Reilly, St. Paul, for respondents.

TODD, Justice.

Employee, a truckdriver employed by a New Jersey firm, sustained a work-related injury in Minnesota in October 1980. He seeks review of an order of the Workers' Compensation Court of Appeals denying his petition for reargument of that tribunal's order denying his petition to vacate a compensation judge's decision dismissing his claim petition for lack of jurisdiction. Although Minn.Stat. § 176.041, subd. 4 (1982) extends the coverage of this state's Workers' Compensation Act to an employee if he "chooses to forego any workers' compensation claim resulting from the injury that he may have a right to pursue in some other state," the majority of the WCCA panel considering his petition to vacate determined that he had not made that choice. Subsequently, they denied his petition for reargument on the ground they would not consider new evidence at that stage. We have concluded that this evidence, an order for dismissal with prejudice of employee's New Jersey compensation proceeding, establishes as a matter of law that employee has chosen to forego any rights he has to obtain compensation in the state where he was hired. We hold also that the WCCA should have treated the petition for reargument as essentially a second petition to vacate the dismissal and should have granted that relief.

Following the accident, the employer-insurer voluntarily paid employee temporary total disability compensation under the New Jersey statute.[1] In January 1981, employee contacted an attorney in New Jersey who, upon learning the facts, referred him to a Minnesota attorney. Upon the latter's request that the insurer pay temporary benefits under this state's law, the insurer stopped paying New Jersey benefits but subsequently denied that Minnesota had jurisdiction over the claim.

Consequently, in March 1981, the New Jersey attorney filed a claim petition seeking continued temporary and permanent

---

1. Employee's acceptance of such benefits does not preclude him from later choosing to forego his New Jersey claim. *Stolpa v. Swanson Heavy Moving Co.,* 315 N.W.2d 615, 617 (Minn.1982).

partial disability compensation. His motion for temporary benefits, scheduled for hearing on May 21, 1981, was continued because on May 8, 1981, the Minnesota attorney filed a claim petition in this state. From then on the New Jersey proceedings were in effect held in abeyance; a pretrial scheduled for October 1981 was continued and in January 1982 the New Jersey attorney had it "placed on discontinuance," so that no action would be taken unless the employee so requested.

In the Minnesota proceeding, the New Jersey attorneys for both the employee and the insurer testified that the New Jersey proceeding was inactive but could be reinstated on employee's request. These opinions led the compensation judge to dismiss the claim on the ground that employee could not assert his claim in this state because, as in *Pauli v. Pneumatic Systems, Inc.*, 328 N.W.2d 743 (Minn.1983), he had not in fact chosen to forego his rights to obtain compensation in the state where he was hired.

No appeal was taken from the compensation judge's dismissal. In July 1983, upon the employer-insurer's motion, the New Jersey proceeding was dismissed for lack of prosecution although it remained subject to reopening for a year upon employee's motion. Employee made no such motion. Instead, on August 30, 1983, he filed a petition to vacate the Minnesota compensation judge's decision on the ground that the dismissal in New Jersey was a substantial change in his position justifying reopening of the case. The majority of the three-judge WCCA panel denied the petition, holding that, because the New Jersey claim remained subject to reinstatement, employee still had not demonstrated the choice required by Minn.Stat. § 176.041, subd. 4.

The order denying the petition to vacate was filed on October 12, 1983. Nine days later, employee's Minnesota attorney moved for reargument, filing with his motion a copy of an order dismissing with prejudice employee's New Jersey claim petition and a copy of the parties' written consent to entry of the order. The order itself recited that employee wished "to prosecute his workers' compensation rights, if any, in the State of Minnesota," and dismissed the New Jersey proceeding with prejudice.

The majority of the WCCA panel denied reargument, stating that they refused to consider new evidence in response to a petition of that kind. Judge Wallraff dissented, contending that justice required vacation of the compensation judge's decision because it had been made clear that employee has only this state in which to pursue his claim.

We are compelled to agree with the dissenting judge. In *Pauli v. Pneumatic Systems, Inc.*, 328 N.W.2d 743 (Minn.1983), we held that an employee who pursued compensation claims both here and in Oregon, planning to dismiss his claim there if he won in Minnesota, had in effect attempted to "hedge" and had not made the choice required by section 176.041, subd. 4. However, we stressed that employee had never dismissed his pending appeal in Oregon. 328 N.W.2d at 746. Here, employee did dismiss his New Jersey claim with prejudice. We hold that by this act he did as a matter of law choose to forego his workers' compensation claim in the state where he was hired.

We are aware that the majority of the WCCA panel did not consider the significance of the order for dismissal with prejudice, the result of an approach to the issue which was unduly technical and productive only of delay. The better practice would have been to treat the petition for reargument as another petition to vacate the compensation judge's dismissal of employee's Minnesota claim and to permit the parties to present argument and, if necessary, evidence on the significance of the dismissal of employee's New Jersey claim. However, our determination that the dismissal with prejudice of that proceeding entitles employee to seek compensation in this state pursuant to section 176.041, subd. 4, makes further action on that issue unnecessary. We remand for vacation of the compensation judge's dismissal of em-

ployee's claim petition and for proceedings addressed to the merits of his claim.

Employee is awarded attorney fees of $400.

Reversed and remanded.