William C. HOFFMAN, Appellant,

v.

David S. HENDERSON, Respondent.

No. C6–84–464.

Court of Appeals of Minnesota.

Oct. 2, 1984.

Review Denied Dec. 20, 1984.

William C. Hoffman, pro se.

Jeffrey M. Smith, McCullough, Dyrud & Smith, St. Paul, for respondent.

Heard, considered, and decided by LANSING, P.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

WOZNIAK, Judge.

Attorney Hoffman appeals from a summary judgment that denied his recovery of attorney's fees from his client Henderson and which awarded Henderson amounts previously paid under the retainer agreement. We affirm.

## FACTS

The facts are not in dispute. Henderson was injured in Alaska in a work-related incident in 1977. He retained Hoffman to represent him in an Alaska workers' compensation action. Both are Minnesota residents, and the retainer was made here. Legal services pertaining to the action were performed in both states. The retainer provided essentially that Hoffman would receive ¼ and Henderson ¾ of any recovery.

An uncontested hearing before the Alaska Workmen's Compensation Board resulted in a lump sum award of $20,618.39 and weekly compensation of $243.92 to Henderson. The November 28, 1977, decision and order also provided that the employer's carrier would pay attorney's fees of 25% of the first $1,000 and 10% of the remainder directly to Hoffman. This is consistent with the legal fees allowed under Alaska workers' compensation law. Nonetheless, Henderson paid Hoffman 25% of the lump sum award pursuant to their prior attorney-client agreement. He also paid Hoffman 25% of his weekly compensation until June 24, 1980. At that time, Henderson determined that Hoffman was being paid in excess of the Alaska Workmen's Compensation Board's award, and that attorney's fees ought not to have been paid directly by him, but rather by the employer's insurer. Henderson complained to the Board about the size of the fee. The Board notified both Henderson and Hoffman that it disapproved of the award because it contramanded their order and also Alaska Statutes Section 23.30.145. Thereafter, the insurance carrier paid Hoffman directly 10% of the weekly award.

Each party moved for summary judgment. Hoffman claimed that he was entitled to the full amount under the retainer; Henderson claimed the fees ought to equal only the amount indicated by the Board. The court ruled in favor of Henderson and awarded him $6,862.03, the amount paid in excess of the Board's order that specified attorney's fees on the 25%–10% formula.

## ISSUE

Does Minnesota law or Alaska law govern the retainer agreement?

## ANALYSIS

■ Hoffman claims that the agreement is governed by Minnesota law and therefore is valid. To determine choice of law, our Supreme Court in *Milkovich v. Saari*, 295 Minn. 155, 203 N.W.2d 408 (1973), rejected the doctrine of *lex loci* in favor of the more flexible factor-oriented reasoning provided by Leflar, Choice Influencing Considerations in Conflicts Law, 41 N.Y.U.L. Rev. 267. Briefly stated, the court now looks at five factors:

(a) Predictability of results; (b) maintenance of interstate and international order; (c) simplification of the judicial task; (d) advancement of the forum's governmental interests; and (e) application of the better rule of law.

*Id.* at 161, 203 N.W.2d at 412. It must be understood that attorneys' fees are an integral part of a state's workers' compensa-

tion scheme. A state is concerned about the proportion of fees to be taken from an employee's award because that will affect his future standard of living.

■ Minnesota has little interest in the retainer, and Alaska has a great interest. Therefore, Alaska's governmental interests are advanced by applying that state's law. The application of Alaska law also yields predictable results. Outstate attorneys and instate attorneys will be compensated uniformly for similar services. Use of Alaska law promotes interstate order.

The Board unequivocally has expressed its view on the reasonableness of Hoffman's fee, both in its order and by a subsequent notice. Out of comity, we respect their decision on a matter within their expertise and which has a direct impact on their compensation scheme.

Finally, the 25%–10% formula provides the better rule of law because it is tailored to Alaska's compensation scheme. To allow a recovery under any other formula would ignore the intentions of the Alaska legislature. Under *Milkovich*, Alaska law clearly is preferred.

■ Application of Alaska law is constitutional so long as that state has "significant contacts" with the retainer. *Allstate Ins. Co. v. Hague*, 449 U.S. 302, 101 S.Ct. 633, 66 L.Ed.2d 521 (1981). Since Hoffman had to avail himself of Alaska law in order to recover on the retainer, and since Alaska workers' compensation law provides guidelines for the recovery of attorneys' fees, significant contacts are present.

## DECISION

It is undeniable that Hoffman commendably performed his legal services. Nonetheless, the amount of his fee must be determined in accordance with Alaska's workers' compensation laws which reflect that state's strong interest in controlling the size of attorneys' fees.

Affirmed.