**MURPHY MOTOR FREIGHT LINES, INC., Appellant,**

v.

**INTERSTATE MOTOR FREIGHT SYSTEMS, et al., Respondents,**

**and**

**INTERSTATE MOTOR FREIGHT SYSTEMS, et al., third party plaintiffs, Respondents,**

v.

**Evelyn HUTCHINS, third party defendant, Respondent.**

No. C8–85–1853.

Court of Appeals of Minnesota.

March 18, 1986.

Review Denied May 16, 1986.

Jerry E. Hess, St. Paul, for Murphy Motor Freight Lines, Inc.

Barbara A. Burke, Mark A. Gwin, Cousineau, McGuire, Shaughnessy & Anderson, Minneapolis, for Interstate Motor Freight Systems, et al.

John C. Hottinger, Farrish, Johnson, Maschka & Hottinger, Mankato, for Evelyn Hutchins.

Heard, considered and decided by FORSBERG, P.J., and LANSING and RANDALL, JJ.

## OPINION

LANSING, Judge.

Murphy Motor Freight Lines, Inc., appeals a grant of summary judgment in favor of respondent Interstate Motor Freight Systems barring Murphy from obtaining reimbursement for benefits paid under the Minnesota Worker's Compensation Act. The trial court held that the reimbursement claim was adjudicated in the Wisconsin action and that the Wisconsin judgment is entitled to full faith and credit. We affirm.

## FACTS

This lawsuit arises out of an accident that occurred near Janesville, Wisconsin, in April 1979. The accident involved a truck driven by Donald Hutchins for his employer, Murphy Motor Freight Lines, Inc; a truck driven by David Williams for his employer, Interstate Motor Freight Systems; and an automobile driven by Debra Dampier. Hutchins, a Wisconsin resident, was killed in the accident. Murphy is a Minnesota corporation with headquarters in Minnesota, Interstate is a Michigan corporation, and Dampier is a Wisconsin resident.

■ Murphy voluntarily began paying worker's compensation benefits under the Wisconsin worker's compensation act to Donald Hutchins' widow, Evelyn Hutchins, in September 1979. In December 1979 she filed a claim petition in Minnesota seeking benefits under the Minnesota worker's compensation act.[1] Murphy disputed her eligibility for benefits in Minnesota.

Evelyn Hutchins also brought a wrongful death action against Interstate, Williams, Dampier, and Dampier's insurance carrier in Rock County, Wisconsin. Murphy brought an action against Interstate, Williams, and Dampier for property damage and for "any and all moneys paid or payable * * * to the survivors of Donald Hutchins under the Worker's Compensation laws of any state." Interstate brought an action for property damage against Dampier. The trial court consolidated the three lawsuits, and a trial date was set for May 11, 1981.

A few days before trial Interstate, Williams, and Dampier offered Hutchins and Murphy $110,000 to settle the wrongful death action and Murphy's subrogation claim for worker's compensation benefits. Hutchins wanted to accept the offer, under which she would receive, after costs and attorney's fees, about $23,000; Murphy objected on the ground that its share of the settlement, about $45,000, was inadequate in view of its potential liability for worker's compensation benefits in Minnesota. Murphy indicated it would agree to the settlement if Hutchins would waive her worker's compensation claim in Minnesota. She would not waive her Minnesota claim.

The trial court approved the settlement over Murphy's objection because Interstate's liability was questionable, and because if the jury found Interstate's driver not negligent, Hutchins would receive only about $4,000 in proceeds from Dampier's automobile insurance policy. Wisconsin law permits the trial court to approve third-party settlements over the employer's objection. See Wis.Stat. § 102.29(1) (1981). The court allocated the settlement as provided under Wisconsin law. The parties went to trial on only the property damage claims.[2]

---

1. Evelyn Hutchins' acceptance of benefits Murphy voluntarily paid under the Wisconsin act does not preclude her from later choosing to seek benefits in Minnesota. See Murphy v. Dulaney Investments, 354 N.W.2d 824, 825 n. 1

(citing Stolpa v. Swanson Heavy Moving Co., 315 N.W.2d 615, 617 (Minn.1982)).

2. The jury found by special verdict in the property damage trial that Dampier was 95 percent and Interstate was 5 percent negligent.

The order approving the settlement covers "any claim for worker's compensation benefits paid, or to be paid, to Evelyn Hutchins under the law of any state," and further states

> [t]hat any and all claims of Evelyn Hutchins and Murphy Motor Freight Lines, Inc., for damages, in any way arising out of, or caused by the collision which is the subject matter of the above-entitled actions, excepting claims by Murphy Motor Freight Lines, Inc. for property damage be, and the same hereby are, dismissed with prejudice and without costs to any party.

Murphy appealed the settlement to the Wisconsin Court of Appeals on July 31, 1981, but the appeal was voluntarily dismissed on November 20, 1981. After dismissal of the appeal, Hutchins signed a release agreeing to settlement against all parties in accordance with the settlement order and agreeing to indemnify Interstate against future claims made by Murphy for worker's compensation benefits. She expressly reserved her right to pursue worker's compensation benefits under Minnesota law. Murphy did not sign the release.

In the meantime, Murphy and Hutchins continued to litigate her eligibility for worker's compensation benefits under the Minnesota act. The compensation judge, the Worker's Compensation Court of Appeals, and the Minnesota Supreme Court ultimately held in Hutchins' favor. *See Hutchins v. Murphy Motor Freight Lines, Inc.,* 331 N.W.2d 761 (Minn.1983). The benefits Murphy paid under the Wisconsin act were offset against the Minnesota benefits.

Immediately after *Hutchins v. Murphy Motor Freight* was decided, Murphy brought this action in district court, seeking reimbursement of Minnesota worker's compensation benefits from Interstate and Dampier. The action against Dampier was dismissed for lack of personal jurisdiction. Interstate brought a third-party action against Evelyn Hutchins based on her agreement in the release to indemnify In-

terstate against further claims by Murphy. On Murphy's motion for summary judgment, the trial court ordered judgment in favor of Interstate and dismissed the third-party complaint on the basis that the reimbursement claim had been adjudicated in the Wisconsin action and the Wisconsin judgment was entitled to full faith and credit. The trial court refused to grant attorney's fees to Hutchins. Murphy appeals the summary judgment, and Hutchins filed a notice of review on the issue of attorney's fees.

## ISSUES

1. Is the Wisconsin judgment settling Murphy's subrogation claim against interstate entitled to res judicata effect?

2. Did the trial court abuse its discretion in denying Hutchins' request for attorney's fees?

## ANALYSIS

### I

■ Murphy argues that the Wisconsin court lacked subject matter jurisdiction to settle its reimbursement claim for benefits potentially payable under Minnesota law. There is no support for Murphy's position. Circuit courts in Wisconsin are courts of general jurisdiction and have original subject matter jurisdiction in civil and criminal matters as provided in the state constitution. *Mack v. State,* 93 Wis.2d 287, 294, 286 N.W.2d 563, 566 (1980). In Minnesota the district courts have subject matter jurisdiction to allocate the proceeds of a third-party settlement between amounts recoverable and nonrecoverable under the worker's compensation act, *see Henning v. Wineman,* 306 N.W.2d 550, 553 (Minn.1981), and to allocate the proceeds under the statutory formula provided in § 176.061, subd. 6 (1984), *see Kempa v. E.W. Coons Co.,* 370 N.W.2d 414, 419 (Minn.1985).

■ A state court's decision whether to recognize and enforce an employer's cause of action for reimbursement, which is cre-

ated by statute in another state, is an issue of conflict of laws rather than subject matter jurisdiction. *See Hoffman v. Henderson,* 355 N.W.2d 322, 324 (Minn.Ct.App.), *pet. for review denied,* (Minn. Dec. 20, 1984), *cert. denied,* — U.S. —, 105 S.Ct. 2326, 85 L.Ed.2d 844 (1985) (applying Alaska law to govern attorney-client fee agreement pertaining to an Alaska worker's compensation action); *Shelby Mutual Insurance Co. v. Girard Steel Supply Co.,* 224 F.Supp. 690, 695 (D.Minn.1963) (declining to enforce in Minnesota a Wisconsin employer's right to reimbursement under Wisconsin law); *cf. Barry v. Baker Electric Cooperative, Inc.,* 354 N.W.2d 666, 668–73 (N.D.1984) (holding North Dakota law, which precludes a negligent employer from being liable for contribution, applicable as against Minnesota law, which permits limited contribution liability, even thought the injured employee received benefits under the Minnesota worker's compensation act). *See also Hile v. Liberty Mutual Insurance Co.,* 281 Ala. 388, 203 So.2d 110 (1967) (allowing employer's reimbursement claim under Wisconsin law to be enforced against settlement proceeds of an Alabama negligence action). The Wisconsin court had subject matter jurisdiction to consider Murphy's reimbursement claim.

Wisconsin law authorizes trial courts to approve third-party settlements over the objection of the employer or worker's compensation carrier. *See* Wis.Stat. § 102.-29(1); *Bergren v. Staples,* 263 Wis. 477, 57 N.W.2d 714 (1953). Wisconsin, along with a number of other states, has chosen this method of balancing the rights of the employee and the employer in arriving at a settlement with the tortfeasor. *See* 2A Larson, *Workmen's Compensation Law* § 74.17(d) at 14–383 to 14–386.

Murphy's complaint in the Wisconsin action sought reimbursement for its liability under the Wisconsin and Minnesota worker's compensation acts. Murphy participated actively in the settlement negotiations, refusing to agree to the settlement unless Evelyn Hutchins waived her claim for compensation in Minnesota. The trial court recognized Murphy's claim under the Minnesota act and, in its discretion, ordered Murphy to accept the settlement because of the risks involved in going to trial. Murphy had the opportunity to appeal this decision, but chose not to. In reliance on the supposed finality of the settlement, Evelyn Hutchins signed a release agreeing to indemnify Interstate against future claims by Murphy.

▮ Murphy now argues that the Wisconsin judgment is not entitled to res judicata effect because Murphy was denied its chance to litigate its reimbursement claim under the Minnesota act. We disagree. Murphy sought a favorable settlement of all claims for reimbursement. This action is a second suit on the same claim by the same party and under Minnesota law would be barred by res judicata. *See Kaiser v. Northern States Power Co.,* 353 N.W.2d 899, 903 (Minn.1984). The Wisconsin judgment is therefore entitled to full faith and credit. *See Durfee v. Duke,* 375 U.S. 106, 109, 84 S.Ct. 242, 244, 11 L.Ed.2d 186 (1963); *Matson v. Matson,* 333 N.W.2d 862, 867 (Minn.1983). The trial court correctly granted summary judgment to Interstate and dismissed its third-party complaint against Evelyn Hutchins.

**II**

▮ Evelyn Hutchins argues the trial court should have awarded her attorney's fees pursuant to Minn.Stat. § 549.21 (1984). However, the decision whether to award attorney's fees under the statute is within the sound discretion of the trial court. *See Blattner v. Forster,* 322 N.W.2d 319 (Minn. 1982). The trial court did not abuse its discretion.

**DECISION**

We affirm the trial court's grant of summary judgment to respondents and the denial of attorney's fees to Evelyn Hutchins.

Affirmed.