MOORE, Judge,
concurring in the result.
On November 30, 2007, James Patterson (“the employee”) received various personal injuries in an automobile accident arising out of and in the course of his employment with TRA Transportation (“the employer”). The accident occurred in Michigan, but the employer paid the employee workers’ compensation benefits under the Alabama Workers’ Compensation Act (“the Act”), § 25-5-1 et seq., Ala.Code 1975, eventually settling the claim with the approval of the Tallapoosa Circuit Court (“the trial court”) in June 2009 for a lump sum of $60,000, leaving open the employee’s right to future medical benefits. Before entering into the settlement, the employee filed a civil action in Michigan (“the third-party action”) against several third parties who were allegedly proximately responsible for the employee’s accidental injury, and he settled that case in 2010. Avizent, the administrator of the employer’s group self-insured fund, filed a motion to intervene in the third-party action for the purpose of enforcing the fund’s reimbursement, credit, and subrogation rights under § 25-5-11, Ala.Code 1975, a part of the Act. The Michigan court denied the motion to intervene, concluding that the employer’s insurer had no interest in the third-party settlement proceeds. The employer then filed in the trial court a “petition to reopen” the June 2009 settlement for the purpose of enforcing its reimbursement, credit, and subrogation rights under § 25-5-11 against the settlement proceeds *1090 of the third-party action. The trial court dismissed the petition based on the doctrine of res judicata. The employer now appeals from that judgment.
Ordinarily, under the doctrine of lex loci delecti, whether an employer, or its group self-insured fund, has an interest in the settlement proceeds of a third-party action depends on the law of the state in which the accident occurred. See Northeast Utils., Inc. v. Pittman Trucking Co., 595 So.2d 1351 (Ala.1992) (distribution of proceeds of third-party recovery was governed by Alabama law when employee accepted workers’ compensation benefits under Connecticut’s statute but injury occurred in Alabama). However, some authority supports the proposition that, if the parties validly agree that the law of a certain state will apply to all injuries received in the course of the employment, the law of the agreed-upon state controls the distribution of the proceeds of a third-party action. See Hile v. Liberty Mut. Ins. Co., 281 Ala. 388, 203 So.2d 110 (1967) (applying Wisconsin’s third-party credit statute to proceeds of third-party suit arising under Alabama law because parties had agreed that Wisconsin’s workers’ compensation laws would apply to all injuries received in course of employment).
In this case, when filing its motion to intervene, Avizent alleged that the employee had entered into a valid written agreement pursuant to which all injuries received in the course of his employment with the employer would be governed by the terms of the Act. Avizent further asserted that it claimed an interest in the third-party proceeds pursuant to § 25-5-11, not Michigan law. The employee evidently did not refute the allegation that he had agreed that Alabama law would apply to his work-related injuries, and the employee evidently did not contest the motion to intervene on the ground that Michigan, as opposed to Alabama, law controlled Av-izent’s rights to the third-party proceeds. The parties thus at least implicitly agreed that Alabama law would govern Avizent’s reimbursement, credit, and subrogation rights.
Section 25-5-ll(a) of the Act provides, in pertinent part, that, “[t]o the extent of the recovery of damages against the other party, the employer shall be entitled to reimbursement for the amount of compensation theretofore paid on account of injury or death.” By the plain terms of § 25-5-11, an employer, or its group self-insured fund, has a right to be reimbursed its compensation outlay from any recovery from a third party, however denominated. See 2 Terry A. Moore, Alabama Workers’ Compensation § 21:76 (West 1998) (discussing American Econ. Ins. Co. v. Thompson, 643 So.2d 1350 (Ala.1994) (holding that plaintiff in third-party action could not avoid employer’s reimbursement rights under § 25-5-11 by denominating payments as being solely to wife for loss of consortium)). Section 25-5-ll(a) further provides that an “employer shall be entitled to subrogation for medical and vocational benefits expended by the employer on behalf of the employee,” thereby giving an employer, or its group self-insured fund, who has paid for the medical care of an injured employee, the right to subrogation against that portion of a third-party recovery attributable to medical expenses. See Trott v. Brinks, Inc., 972 So.2d 81 (Ala.2007); and Ex parte BE & K Constr. Co., 728 So.2d 621 (Ala.1998).
In this case, the Michigan court apparently determined that Michigan law would not allow the employee to recover from the *1091 third parties damages for lost wages and medical bills.[1] The Michigan court, therefore, ruled that any damages recovered by the employee from the third parties could not be subject to Avizent’s reimbursement or subrogation rights under § 25-5-11. In other words, the Michigan court decided that Avizent had no interest in the third-party proceeds that would support intervention under Rule 2.209(A)(3) of the Michigan Court Rules of 1985.[2]
It appears that the Michigan court erred in at least one respect. Assuming Michigan law does not allow the recovery of lost wages and medical benefits, and that any recovery from the third parties could not be denominated as such, it remains that, under the Alabama law cited above, the employer, and its group self-insured fund, would be entitled to reimbursement for its compensation outlay, which allegedly totaled approximately $100,000.
Nevertheless, the trial court could not correct that error or attribute some part of the third-party proceeds to medical expenses for which the employer would have a right to subrogation. Once the Michigan court adjudicated Avizent’s rights under § 25-5-11, that judgment became res judi-cata as to Avizent and the employer. Under the doctrine of res judicata as set forth in Michigan appellate-court decisions, “ ‘a final judgment rendered by a court of competent jurisdiction on the merits is conclusive as to the rights of the parties and their privies, and, as to them, constitutes an absolute bar to a subsequent action involving the same claim, demand or cause of action.’ ” County of Wayne v. City of Detroit, 233 Mich.App. 275, 277, 590 N.W.2d 619, 620-21 (1998) (quoting Black’s Law Dictionary 1305 (6th ed. 1990)). The Michigan court clearly had jurisdiction to adjudicate Avizent’s interest in the proceeds of the third-party action. See Ex parte BE & K Constr. Co., 728 So.2d at 624 (recognizing that a trial judge overseeing a third-party action has jurisdiction to determine an employer’s interest in the proceeds of that action under § 25-5-11). The Michigan court also plainly, and finally, determined the merits of Aviz-ent’s claim when it denied its motion to intervene. The employer does not deny that it is in privity with Avizent. Consequently, the doctrine or res judicata barred the employer from raising the same claim, i.e., its claim for reimbursement and subrogation under § 25-5-11, before the trial court.
In Buco Building Constructors, Inc. v. Myrick, 863 So.2d 1130, 1134 (Ala.Civ.App.2003), a plurality[3] of this court stated that
“where trial courts in which third-party claims have been brought make no determination concerning the proper allocation of settlement proceeds with respect to future medical expenses, or erroneously determine that no portion *1092 of a third-party recovery is allocable to such expenses, it devolves upon courts hearing employees’ workers’-compensation claims, in the first instance, to rectify such errors or omissions by ‘fairly apportion[ing]’ third-party recoveries so as to equitably determine what portions thereof are ‘attributable to medical (and vocational) expenses, both past and future.’ ”
(Quoting Ex parte BE & K Constr. Co., 728 So.2d at 624 (emphasis added).) However, the underlined portions of the above-quoted statement were obiter dictum. See Ex parte Williams, 838 So.2d 1028, 1031 (Ala.2002) (“[Ojbiter dictum is, by definition, not essential to the judgment of the court which states the dictum.”). In Buco Building, the circuit court was not asked to correct an error committed by the federal district court that presided over the injured employee’s third-party action. The facts as presented in the opinion indicate that the federal district court had never ruled on the employer’s rights under § 25-5-11 because no party had ever invoked its jurisdiction for that purpose. Rather, the circuit court was the initial court to address the employer’s claim that it could suspend its obligation to furnish medical care based on the injured employee’s third-party recovery of medical expenses. Thus, the foregoing statement in Buco Building has no precedential value. See State v. J.M.W., 936 So.2d 555, 559 n. 6 (Ala.Crim.App.2005) (noting that obiter dictum has no precedential value).
From my reading of our caselaw, including Buco Building, it is apparent that either a court presiding over a third-party action or a court presiding over a workers’ compensation claim may adjudicate an employer’s reimbursement, credit, and subro-gation rights under § 25-5-11. However, the law of judgments generally provides that, once one of those courts makes a final determination, and all the other elements of res judicata are present, the other court may not thereafter adjudicate the same claim. Nothing in the Act modifies that general law to allow circuit courts overseeing workers’ compensation claims to sit in the capacity of an appellate court to correct errors made by a separate trial court in a third-party action in its determinations as to an employer’s rights under § 25-5-11, as the dicta in Buco Building implies.
The court correctly decided in Buco Building that the circuit court that had approved the workers’ compensation settlement could adjudicate the employer’s rights under § 25-5-11, but only because the federal district court had not already adjudicated that claim. In this case, the trial court correctly determined that, because the Michigan court had already definitively decided the employer’s rights under § 25-5-11, the doctrine of res judicata precluded it from adjudicating the same claim.[4] Therefore, I concur that its judgment is due to be affirmed.

. When an employee covered by the Act receives injuries in another state due to the fault of a third party, under the doctrine of lex loci delecti, the law of that state controls his or her right of recovery against the third parties. See Fitzgerald v. Austin, 715 So.2d 795 (Ala.Civ.App.1997); and Powell v. Sappington, 495 So.2d 569 (Ala.1986).

. Subsection (A)(3) provides, among other things, that a person has a right to intervene in an action upon timely application "when the applicant claims an interest relating to the property or transaction which is the subject of the action” and the applicant "is so situated that the disposition of the action may as a practical matter impair or impede the applicant’s ability to protect that interest.”

.The precedential value of the reasoning in a plurality opinion is questionable at best. See Ex parte Achenbach, 783 So.2d 4 (Ala.2000).

. The employer complains on appeal that the employee did not timely raise the affirmative defense of res judicata under Rule 8(c), Ala. R. Civ. P. However, the employer did not argue that point to the trial court and thereby waived it for purposes of this appeal. See Shiver v. Butler Cnty. Bd. of Educ., 797 So.2d 1086, 1089 (Ala.Civ.App.2000).